---

# In the United States Court of Appeals for the Third Circuit

---

**CASE NO. 22-2675, 22-2676, 22-2677, 22-2678, 22-2679, 22-2680**

**APEX CONSTRUCTION CO. INC., BLUEWATER CONSTRUCTION, INC., MSI BUILDING SUPPLIES INC., UNITED CORPORATION, IMPEX TRADING INTERNATIONAL INC., B&B MANUFACTURING INC.,**
Appellants,

**v.**

**UNITED STATES VIRGIN ISLANDS,**
Appellee.

---

ON APPEAL FROM AN ORDER DATED AUGUST 18TH, 2022 OF THE UNITED STATES DISTRICT COURT OF THE VIRGIN ISLANDS DIVISION OF ST. THOMAS AND ST. JOHN AT DOCKET NO. 3:21-CV-0039, 3:21-CV-0040, 3:21-CV-0041, 3:21-CV-0043, 3:21-CV-0044, 3:21-CV-0052, GRANTING APPELLEE'S MOTIONS TO DISMISS

---

**BRIEF OF APPELLEE**

---

**MICHAEL R. FRANCISCO, ESQ.**
**Assistant Attorney General**
Department of Justice
34-38 Kronprindsens Gade
GERS Bldg., 2nd Floor
St. Thomas, VI  00802
340-774-5666 (Telephone)
340-777-9848 (Fax)
Michael.Francisco@doj.vi.gov

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................i

TABLE OF CITATIONS ........................................................................ iii

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF THE ISSUES................................................................2

     I.    Whether the District Court erred as a matter of law or abused its discretion in applying tax comity to the United States Virgin Islands ......................2

     II.   Whether the District Court erred as a matter of law in denying Appellants' request to apply offensive non-mutual collateral estoppel against the United States Virgin Islands .......................................................................2

STATEMENT OF RELATED CASES & PROCEEDINGS ...................................2

STATEMENT OF THE CASE ...................................................................2

STATEMENT OF THE FACTS ..................................................................4

    A. Relevant Facts..............................................................................4

    B. Procedural History .......................................................................8

STANDARD OF REVIEW ......................................................................12

SUMMARY OF THE ARGUMENT ...........................................................12

ARGUMENT ......................................................................................14

I.   The tax comity doctrine applies to the USVI, and the dismissal of Appellants' claims without prejudice on tax comity grounds was reasonable ................11

    A. The District Court did not err as a matter of law or abuse its discretion in applying tax comity to the USVI and dismissing Appellants' local excise tax claims ...............................................................................16

    B. Appellants have failed to carry their burden on appeal............................26

II.    The District Court correctly rejected application of offensive non-mutual collateral estoppel to the USVI ...................................................................33

   A. This Court should treat the USVI as it would a State for purposes of ONMCE, hold *Mendoza* applies to the USVI, and reject ONMCE's application here pursuant to *Mendoza*........................................................38

   B. Assuming *arguendo* that this Court decides to treat the USVI as a federal entity, it should still reject ONMCE's application here pursuant to *Mendoza*.................................................................................................40

   C. The ONMCE doctrine's prerequisites are not satisfied ...........................41

      i.  The prerequisites to applying ONMCE against the USVI on the issue of tax comity are not satisfied ...............................................43

      ii. The prerequisites to applying ONMCE against the USVI on the issue of Appellants' constitutional claims are not satisfied ...........44

CONCLUSION ......................................................................................................46

CERTIFICATE OF BAR MEMBERSHIP...............................................................48

CERTIFICATE OF WORD COUNT......................................................................48

CERTIFICATE OF SERVICE ................................................................................48

CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS............................49

CERTIFICATE OF VIRUS CHECK ......................................................................49

# TABLE OF AUTHORITIES

## CASES

*35 Acres Assocs. v. Adams*, 962 F. Supp. 687 (D.V.I. 1997) ...................................18

*American Resort Development Association v. Gov't of the V.I.*, 848 Fed. Appx 79 (3d Cir. 2021) ...................................................................................... 3, 11, 20

*AMTRAK v. Pa. PUC*, 288 F.3d 519 (3d Cir. 2002)......................................... 34, 40

*Armco, Inc. v. Hardesty*, 467 U.S. 638 (1984) .........................................................45

*Armstrong v. Walborn*, 745 Fed. Appx. 12 (9th Cir. 2018).............................. 22, 30

*Baltimore & O.R. Co. v. Shaw*, 35 F.2d 410 (3d Cir. 1929)....................................4

*Benjamin v Coughlin*, 905 F.2d 571 (2d Cir. 1990) ........................................ 35, 37

*Birdman v. Off. of the Governor*, 677 F.3d 167 (3d Cir. 2012)...............................27

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971)................................................................................................................34

*Bluebeard's Castle v. Government of the Virgin Islands*, 321 F.3d 394 (3d Cir. 2003) ....................................................................................................................17

*Burlington N. R.R. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227 (3d. Cir. 1995).34

*Edwards v. HOVENSA, LLC*, 497 F.3d 355 (3d Cir. 2007) ........................ 5, 18, 38

*Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100 (1981)  17, 29, 30

*General Motors Corp. v. Tracy*, 519 U.S. 278 (1997) ............................................44

*Great Bay Condo. Owners Ass'n v. Gov't of the V.I.*, 2018 U.S. Dist. LEXIS 167921 (D.V.I. 2018) ........................................... 3, 11, 16, 17, 18, 19, 22, 24, 29

*Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943) ......................17

*Grode v. Mutual Fire, Marine and Inland Ins. Co.*, 8 F.3d 953 (3d Cir. 1993)......12

*Gould v. Dep't of Health & Soc. Servs.*, 216 Wis. 2d 356 (Ct. App. 1998)............37

*Gov't of Guam v. Camacho*, 2006 U.S. Dist. LEXIS 44814 (D. Guam June 29, 2006) .................................................................................................................18

*Government of the Virgin Islands v. JDS Realty Corp.*, 484 U.S. 999 (1988)..........6

*Hercules Carriers, Inc. v. Claimant State of Fla.*, 768 F.2d 1558 (11th Cir. 1985) ........................................................................................................... 34, 36, 37

*Idaho Potato Comm'n v. G&T Terminal Packaging, Inc.*, 425 F.3d 708 (9th Cir. 2005) .................................................................................................................36

*In re Stevenson*, 615 Pa. 50 (Pa. 2012) ............................................................ 35, 37

*JDS Realty Corp. v. Gov't of the Virgin Islands*, 593 F. Supp. 199 (D.V.I. 1984) ...5

*JDS Realty Corp. v. Gov't of the Virgin Islands*, 852 F.2d 66 (3d Cir. 1988) ....6, 44

*Kates v. Commissioner*, 1962 Tax Ct. Memo LEXIS 52 (U.S. Tax Ct. 1962)..........4

*Kendall v. Russell*, 572 F.3d 126 (3d Cir. 2009) ....................................... 18, 27, 38

*Kimberly Stonecipher-Fisher Revocable Living Trust v. Gov't of the V.I.*, 2020 U.S. Dist. LEXIS 61887 (D.V.I. 2020) ...............................................................20

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010)............ 13, 15, 17, 25, 29, 32

*Lisowski v. Walmart Stores, Inc.*, 2022 U.S. App. LEXIS 19569 (3d Cir. 2022) ...12

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) .......................................28

*Matthews v. Rodgers*, 284 U.S. 521 (1932) ............................................................17

*McLaughlin v. Fisher*, 277 Fed. Appx. 207 (3d Cir. 2008)....................................12

*Montana v. United States*, 440 U.S. 147 (1979) ............................................. 33, 36

*Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582 (1995) ......29

*Pan American World Airways, Inc. v. Duly Authorized Government of the Virgin Islands*, 459 F.2d 387 (3d Cir. 1972) ...................................................................16

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) ................................. 29, 34, 41

*PSMT, LLC. v. the Government of the Virgin Islands, et al.*, Case No. 3:19-cv-0118 (D.V.I. 2022) ...........................................................................................................23

*Reefco Servs., Inc. v. Gov't of the Virgin Islands*, 2018 U.S. Dist. LEXIS 199507 (D.V.I. 2018) ....................................................................................................7, 39

*Reefco Servs. v. Gov't of the Virgin Islands*, 2018 U.S. Dist. LEXIS 167922 (D.V.I. 2018) ....................................................................................................6, 7

*Reefco Servs. v. Gov't of the V.I.*, 830 F. App'x 81 (3d Cir. 2020)..........................7

*Reefco Servs. v. Gov't of the V.I.*, 2021 U.S. Dist. LEXIS 56301 (D.V.I. 2021) ......7

*Remington Rand Corp. Del. v. Bus. Sys. Inc.*, 830 F.2d 1260 (3d Cir. 1987) .........24

*Robinson Protective Alarm Co. v. City of Phila.*, 581 F.2d 371 (3d Cir. 1978)......22

*Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503 (1981)............................................14

*State v. United Cook Inlet Drift Ass'n*, 895 P.2d 947 (Alaska 1995) ......................37

*Williams v. Gov't of the Virgin Islands Bd. Of Med. Examiners*, 360 F. App'x 297 (3d Cir. 2010) ................................................................................. 18, 27, 38

*Z & R Cab, LLC v. Philadelphia Parking Authority*, 616 F. App'x 527 (3d Cir. 2015)............................................................................................. 3, 13, 15, 23

*Z & R Cab, LLC v. Philadelphia Parking Authority*, 2015 U.S. Dist. LEXIS 189537 (E.D. Pa. July 22, 2015) .........................................................................24

*Ungar v. Sarafite*, 376 U.S. 575 (1964)...................................................................4

v

*United States v. Mendoza*, 464 U.S. 154 (1984)............................ 33, 34, 35, 36, 37

*United States v. Rose*, 538 F.3d 175 (3d Cir. 2008) ................................................27

*United States v. Voigt*, 89 F.3d 1050 (3d Cir. 1996) ................................................12


## STATUTES

4 V.I.C. § 32........................................................................................................14
4 V.I.C. § 76........................................................................................................13
5 V.I.C. § 31........................................................................................................30
33 V.I.C. § 42....................................................................................................5, 6
33 V.I.C. § 1691..................................................................................................27
33 V.I.C. § 1692............................................................................................ 13, 35
28 U.S.C. § 1257..................................................................................................14
28 U.S.C. § 1291....................................................................................................1
28 U.S.C. § 1331....................................................................................................1
48 U.S.C. § 1541....................................................................................................4
48 U.S.C. § 1574....................................................................................................5
48 U.S.C. § 1611....................................................................................................5
48 U.S.C. § 1612(a)..........................................................................................1, 27
48 U.S.C. § 1612(b)..............................................................................................27
48 U.S.C. § 1613....................................................................................................5


## RULES

California Code of Civil Procedure § 36 .................................................................31
FED. R. APP. P. 4(a)(1)(B) ......................................................................................1
FED. R. APP. P. 25(c) ............................................................................................48
FED. R. APP. P. 32(a) ............................................................................................48
FED. R. APP. P. 32(g)(1) ........................................................................................48
Illinois Revised Statutes Annotated 5/2-1007.1 .....................................................31
Nevada Revised Statutes Annotated § 16.025 ........................................................31
New York Civil Practice Law and Rules Rule 3404 ...............................................31
L.A.R. 28(b) ..........................................................................................................2
L.A.R. 28.3(d) ......................................................................................................48

L.A.R. 31.1(c) ............................................................................49
L.A.R. Misc. 113............................................................................48

## OTHER AUTHORITIES

18 CHARLES A. WRIGHT ET. AL., FEDERAL PRACTICE AND
   PROCEDURE § 4425 ..........................................................34
Public Law No. 96-205, 94 Stat. 84 (March 12, 1980) ............................................5
RESTATEMENT (SECOND) OF JUDGMENTS, § 28.........................................34

## JURISDICTIONAL STATEMENT

This consolidated appeal arises out of *Apex Construction Co. Inc. v. the United States Virgin Islands*, *Bluewater Construction Inc. v. the United States Virgin Islands*, *MSI Building Supplies Inc. v. the United States Virgin Islands*, *United Corporation v. the United States Virgin Islands*, *Impex Trading International Inc. v. the United States Virgin Islands*, and *B&B Manufacturing Inc. v. the United States Virgin Islands*, 3:21-CV-0039, -0040, -0041, -0043, -0044, -0052, respectively (collectively, "*In re: Excise Tax Litigation*"), filed in the District Court of the Virgin Islands.  Each case asserts a claim pursuant to the dormant Commerce Clause of the U.S. Constitution.  The District Court had subject matter jurisdiction over this matter pursuant to 48 U.S.C. § 1612(a) (1954) and 28 U.S.C. 1331 (1948).  The Third Circuit Court of Appeals has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (1948) because this is an appeal of a final judgment in a civil case.  The final order in *In re: Excise Tax Litigation* was entered on August 18, 2022, and all notices of appeal were timely filed on September 8, 2022, pursuant to Fed. R. App. P. 4(a)(1)(B).

## STATEMENT OF ISSUES PRESENTED

I.   Whether the District Court erred as a matter of law or abused its discretion in applying tax comity to the United States Virgin Islands and dismissing Appellants' claims.

II.  Whether the District Court erred as a matter of law in denying Appellants' request to apply offensive non-mutual collateral estoppel against the United States Virgin Islands.

## STATEMENT OF RELATED CASES OR PROCEEDINGS

Pursuant to Local Appellate Rule ("L.A.R.") 28(b), the Appellee responds that this matter has not been before this Court previously.  Appellee, United States Virgin Islands ("USVI"), is unaware of any other cases related to this matter.

## STATEMENT OF THE CASE

Each Appellant in this consolidated appeal is a merchant of some sort. Apdx-032.  Each claims to have imported items unconstitutionally taxed under the USVI's excise tax, and each demands that the merits of their claims be adjudicated in federal court rather than those of the Virgin Islands. Appellants' Brief ("App. Br.") at 13, 34.  The USVI successfully argued in the District Court that the judicially developed doctrine of tax comity should be applied to allow local courts to administer local tax law. SAppx-093-105.  Relying on both vertical and horizontal stare decisis, the court

held that, under the circumstances, tax comity should be applied to dismiss Appellants' local tax claims without prejudice. Apdx-018-027 (*citing American Resort Dev. Ass'n v. Gov't of the V.I.*, 848 Fed. Appx 79 (3d Cir. 2021); *Z & R Cab, LLC v. Philadelphia Parking Auth.* 616 F. App'x 527 (3d Cir. 2015); and *Great Bay Condo. Owners Ass'n v. Gov't of the V.I.*, 2018 U.S. Dist. LEXIS 167921 (D.V.I. 2018)).

Appellants have failed to identify any legal error or abuse of discretion warranting reversal of that decision. Instead, they argue that the District Court has exclusive authority over all local tax disputes. App. Br. at 17. Appellants also argue that because the District Court previously heard a "test case" challenging the same local tax, it is bound to hear all such similar suits. *Id*. at 18-19. They then attempt to create a tax comity exception for their claims and argue that the Virgin Islands court system is incapable of guaranteeing an adequate remedy. *Id*. at 19-34. Lastly, Appellants insist that a non-precedential decision be given offensive non-mutual preclusive effect as to both the merits of their claims and the appropriate form of relief. *Id.* at 35-37.

Appellants' arguments ring hollow. The District Court does not have exclusive jurisdiction over all local tax disputes, nor is it foreclosed from applying tax comity where the relevant factors counsel in favor of abstention. Here, Appellants' claims fall squarely within the tax comity doctrine. Congress has not entered the field of local excise taxation, and Appellants have a plain, adequate, and

3

complete remedy available to them in Virgin Islands courts. Moreover, application of offensive non-mutual collateral estoppel here would be wholly inappropriate. Appellants' claims must stand on their own facts. *Ungar v. Sarafite*, 376 U.S. 575 (1964); *Baltimore & O.R. Co. v. Shaw*, 35 F.2d 410 (3d Cir. 1929); *Kates v. Commissioner*, 1962 Tax Ct. Memo LEXIS 52 (U.S. Tax Ct. 1962).

As held by the District Court, Virgin Islands courts are better positioned to adjudicate Appellants claims and provide a plain, adequate, and complete remedy if appropriate. Appellants demand to have their claims adjudicated in federal court, but they have no such entitlement. The District Court was within both its authority and discretion to reject Appellants' arguments and dismiss their cases on tax comity grounds. Having failed to carry their burden on appeal, this Court should reject Appellants' unavailing arguments and affirm the District Court's decision.

## STATEMENT OF THE FACTS

### A. Relevant Facts

*USVI's taxing authority*

In 1916, the United States of America acquired the West-Indian island chain now known as the USVI. 48 U.S.C. § 1541, *et. seq*. In 1936, Congress enacted the Organic Act of the Virgin Islands, thereby creating the Government of the Virgin Islands and empowering it to govern the unincorporated territory. *Id*. In 1954, Congress revised the Organic Act to provide the USVI with the legislative authority

4

and power to impose local taxes not inconsistent with the laws of the United States. 48 U.S.C. § 1574.  In 1984, Congress further amended the Revised Organic Act to restructure the relationship between federal and local courts to mirror that between federal and state courts. 48 U.S.C. § 1611, *et. seq.*; *see also Edwards v. HOVENSA, LLC*, 497 F.3d 355, 360 (3d Cir. 2007) (holding that 48 U.S.C. § 1613 mandates that the relations between federal and USVI courts should mirror the relations between federal and state courts).

### *USVI's local excise tax*

In 1959, the Legislature of the Virgin Islands imposed a local excise tax on certain items brought into the territory. 33 V.I.C. § 42 ("Section 42").  A similar tax was not imposed on local producers of the same items. *Id.*  In 1980, Congress passed Public Law 96-205, providing "[a]ny excise taxes levied by the Legislature of the Virgin Islands may be levied and collected as the Legislature of the Virgin Islands may direct as soon as the articles, goods, merchandise, and commodities subject to said tax are brought into the Virgin Islands." Pub. L. No. 96-205, 94 Stat. 84 (March 12, 1980).

In 1981, JDS Realty Corporation, a local importer, challenged Section 42's constitutionality. *JDS Realty Corp. v. Gov't of the Virgin Islands*, 593 F. Supp. 199, 205 (D.V.I. 1984).  The District Court found "Section 42, by its terms, impose[d] a tax upon items 'brought into the Virgin Islands,' while exempting similar, or even

identical, items produced within the Territory.  Thus, while denominated an 'excise' tax, § 42 functionally constitute[d] a tax on imports, both foreign and domestic." *Id.* at 205.    The court concluded Public Law 96-205 did not authorize such discrimination and held "that the 'excise' tax codified at 33 V.I.C. § 42 impermissibly infringe[d] upon the plenary authority of Congress to regulate interstate and foreign commerce in violation of the Commerce and Import/Export Clauses of the United States Constitution." *Id.* at 205-07.    "However, the District Court denied damages because it concluded that JDS had passed the burden of the excise taxes on to its customers." *JDS Realty Corp. v. Gov't of the Virgin Islands*, 852 F.2d 66, 67 (3d Cir. 1988).

The District Court's ruling in *JDS* was initially affirmed by the Third Circuit, but it was ultimately vacated and dismissed as moot since no relief was possible. *Id.* (citing *Government of the Virgin Islands v. JDS Realty Corp.*, 484 U.S. 999 (1988)). Nevertheless, in the wake of *JDS*, the Virgin Islands' Legislature amended Section 42 to cure its constitutional infirmity. 33 V.I.C. § 42, as amended (1984).  Section 42's new language applied the USVI's excise tax equally to importers and local producers alike. *Id.*   But, as would later be determined, the law was not always implemented or enforced consistent with the dictates of the Commerce Clause. *Reefco Servs. v. Gov't of the Virgin Islands*, 2018 U.S. Dist. LEXIS 167922, * 13-18 (D.V.I. 2018) ("*Reefco I*").

In 2014, Reefco Services, Inc., a small marine refrigeration business, filed suit in District Court, challenging its excise tax assessment and claiming that Section 42's special marine exemption applied to its imported refrigerators. *Id.* at * 13-18. The USVI argued for tax comity, but the District Court did not address it. Apdx-027, n.8.  Instead, the court found that local manufacturers had not been assessed excise taxes under Section 42 and awarded Reefco Services, Inc. a refund of $5,287.74. *Reefco I*, 2018 U.S. Dist. LEXIS 167922 at * 13-18.

After the decision in *Reefco I,* the District Court issued an order prospectively enjoining the USVI from collecting any future excise taxes under Section 42 until it was prepared to do so in a manner fully consistent with the Commerce Clause. *Reefco Servs., Inc. v. Gov't of the Virgin Islands*, 2018 U.S. Dist. LEXIS 199507, * 26-29 (D.V.I. 2018).  Ultimately, this Court affirmed the holding in *Reefco I*, but it remanded to District Court with instructions to lift the injunction upon receipt of evidence that the USVI had begun assessing the excise tax on local manufacturers. *Reefco Servs. v. Gov't of the V.I.*, 830 F. App'x 81, 84-87 (3d Cir. 2020) ("*Reefco II*").  Once it was determined that the USVI was doing just that, the injunction was lifted. *Reefco Servs. v. Gov't of the V.I.*, 2021 U.S. Dist. LEXIS 56301 (D.V.I. 2021).

### *Appellants to the consolidated appeal*

There are six Appellants to the consolidated appeal.  Two are construction companies operating in the USVI. Apdx-032 (R&R at 3, n. 2).  Two operate building

supply stores on St. Thomas. *Id.* One operates a grocery store on St. Croix, and the last operates a retail merchandise store on St. Thomas. *Id.* Each claims to have been unconstitutionally assessed excise taxes under Section 42, and each claims to have filed a Form 843 Claim for Refund with the Virgin Islands Bureau of Internal Revenue ("VIBIR") that was neither paid nor disallowed. Apdx-086-152. Upon completion of *Reefco II*, each Appellant filed a complaint in federal court premised on the holding of *Reefco II*, seeking a judgment against the USVI, a tax refund, reasonable attorneys' fees and costs, and both pre-judgment and post-judgment interest. Apdx-086-152. As to the refund, Appellants seek $1,510,292.00 in total. App. Br. at 4, n. 1. In their brief to this Court, Appellants readily admit to having deliberately taken a "wait and see" approach in relation to the *Reefco* litigation, rather than joining in when they had the chance. App. Br. at 18.

### B. Procedural History

Each Appellant to this consolidated appeal filed a complaint in the District Court of the Virgin Islands sometime between May 3 and June 18, 2021. Apdx-086-152. The USVI moved to dismiss each complaint, generally challenging subject matter jurisdiction and the sufficiency of Appellants' pleadings. The USVI also argued that tax comity doctrine should be applied so that Virgin Islands courts could adjudicate Appellants' local excise tax claims. SApdx-001-013; Apdx-016. Appellants responded, and the USVI replied. SApdx-014-056. On November 18,

2021, the District Court consolidated the pending motions to dismiss and referred them to the Magistrate Judge for a Report and Recommendation ("R&R"). *See*, Apdx-064.

The Magistrate Judge held an evidentiary hearing on February 17, 2022. Apdx-176-320. Four witnesses testified for the USVI, including: (1) Director of Virgin Islands Office of Management and Budget ("OMB") Jenifer O'Neal; (2) VIBIR Director Joel Lee; (3) Commissioner of the Virgin Islands Department of Finance ("DOF") Bosede Bruce; and (4) Darien Wheatley, a Litigation Specialist III within the Virgin Islands Department of Justice. Apdx-176-320.  At the hearing, the following facts were adduced:

- The usual method for resolving valid claims for excise tax overpayments is issuance of a credit against future excise tax assessments. Apdx-246, -249, -253, -272.

- VIBIR Director Joel Lee was unsure whether the VIBIR had ever authorized the payment of an excise tax refund. Apdx-257-58; *see also* Apdx-260 ("None to my knowledge").

- If Appellants were to prevail and the relief ordered were a refund rather than a credit, the Virgin Islands Legislature would have to pass a special appropriation to pay the judgment out of the USVI's general fund. Apdx-228, -234.

- Legislation for special appropriations is prepared by the OMB, approved by the Governor, and sent to the Legislature's Finance Committee for action. Apdx-220.

- The Virgin Islands Legislature created a Budget Stabilization Fund in fiscal year 2020 that currently holds approximately $11 million. Apdx-221.

- Monies from the Budget Stabilization Fund can be transferred into the general fund with the Legislature's authorization. Apdx-236.

- The Virgin Islands Department of Finance processes, approves, and disburses all correct invoices within ten days. Apdx-283-84.

- Since May of 2021, the Director of Finance has not had to delay payment of any invoice due to unavailability of cash. Apdx-281-82.

- If required to pay the excise tax refunds sought by Appellants, the USVI would be financially able to make those payments. Apdx-222; SApdx-056.

After post-hearing briefs were submitted, the Magistrate Judge issued her R&R on March 10, 2022, recommending denial of USVI's motions to dismiss. Apdx-030-049; SApdx-057-092. The Magistrate Judge found the District Court had subject matter jurisdiction and that Appellants had sufficiently pled their dormant Commerce Clause claims. Apdx-030-049. Concerning tax comity, the Magistrate Judge acknowledged that its application to the USVI was not barred and that horizontal stare decisis was both favorable to the USVI and persuasive. Apdx-042-

045 (*citing*, *generally*, *American Resort*, 848 Fed. Appx 79 and *Great Bay*, 2018 U.S. Dist. LEXIS 167921). Nevertheless, the Magistrate Judge declined to apply tax comity to Appellants' cases out of an abundance of caution. Apdx-042-045 (*citing American Resort,* 848 F. App'x at 81) (declining to apply the Tax Injunction Act to the USVI based on repeal of a federal statute).

On March 24, 2022, the USVI timely filed objections to the R&R on the grounds that the Magistrate Judge erred in her tax comity analysis. SApdx-094-099. The USVI argued for the application of tax comity as outlined in *Great Bay* and cited the factors in *Z & R Cab* as the proper test for determining whether the local remedy was plain, adequate, and complete. SApdx-094-099.   Further, the USVI argued against assigning preclusive effect to the non-precedential decisions of *Reefco*. SApdx-103.   Rather than respond to the USVI's objections, Appellants decided to "stand on the evidence presented at the hearing in the matter [and] the briefs submitted after the February 17, 2022, hearing." SApdx-106-108 (*citing* "ECF 46 in case 3:21-cv-052").

On August 18, 2022, the District Court issued its final order with an accompanying Memorandum Opinion, dismissing the matter in its entirety, without prejudice, so that Appellants could pursue their plain, adequate, and complete remedies in the Superior Court of the Virgin Islands. Apdx-007-009; Apdx-013-029. On September 8, 2022, each Appellant timely filed a Notice of Appeal with this Court, challenging the District Court's dismissal order.   Apdx-001-006.   To date,

Appellants have not filed their local excise tax claims in the Superior Court of the Virgin Islands.

## STANDARD OF REVIEW

The Third Circuit exercises plenary review over the District Court of the Virgin Islands' legal conclusions and reviews any challenges of the court's factual findings for clear error. *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996). The extension or denial of comity is reviewed for abuse of discretion. *Lisowski v. Walmart Stores, Inc.*, 2022 U.S. App. LEXIS 19569, at * 6 (3d Cir. 2022); *see also Grode v. Mutual Fire, Marine and Inland Ins. Co.*, 8 F.3d 953, 957 (3d Cir. 1993) ("In reviewing the district court's abstention, the underlying legal questions are subject to plenary review, but the decision to abstain is reviewed for an abuse of discretion.") The non-application of issue preclusion is reviewed *de novo*. *McLaughlin v. Fisher*, 277 Fed. Appx. 207, 213 (3d Cir. 2008).

## SUMMARY OF THE ARGUMENT

The tax comity doctrine applies to the USVI, and the dismissal of Appellants' local excise tax claims without prejudice on comity grounds was reasonable. The District Court did not err as a matter of law or abuse its discretion in so holding. To the contrary, the District Court thoroughly reviewed the relevant tax comity jurisprudence and provided a well-reasoned analysis as to the appropriate legal tests

12

to apply.  As interpreted by the District Court, this Circuit's precedents allow for tax comity to be applied to the USVI when (1) Congress has not entered the field of taxation and plaintiffs are not seeking to enforce a federally created right, and (2) Appellants have a plain, adequate, and complete remedy available in local courts. Apdx-023.  In determining the adequacy of Appellants' remedy in Virgin Islands, the court applied the four-factor test set forth in *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010). Apdx-025-027 (*citing Z & R Cab*, 616 F. App'x at 531, n. 8). Finding both tests satisfied, the District Court reasonably exercised its discretion to dismiss Appellants' local excise tax claims on tax comity grounds. Apdx-023-027.

Moreover, Appellants' have failed to carry their burden on appeal.  They argue that tax comity doctrine does not apply to the USVI, and even if it does apply in general, it should not have been applied to them. App. Br. at 16-34.  As will be shown though, Appellants have failed to identify any legal error or abuse of discretion warranting reversal. While Appellants would prefer to litigate their local excise tax claims in federal court, they have not shown that they are entitled to do so under the circumstances.  Therefore, this Court should affirm the challenged order and deny Appellants' appeal.

Appellants can still have their day in the Superior Court of the Virgin Islands, where they can raise their constitutional objections to the tax. *See* 4 V.I.C. § 76; 33 V.I.C. § 1692.  If they are entitled to relief, the Superior Court can order the USVI to issue credits or refunds as appropriate. If the Superior Court denies relief,

Appellants can appeal to the Supreme Court of the Virgin Islands. *See* 4 V.I.C. § 32. If Appellants are dissatisfied with that review, they can apply for certiorari to the United States Supreme Court. *See* 28 U.S.C. § 1257. That is the appropriate procedural mechanism for Appellants' challenge. *See Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 514 (1981).

Lastly, if this Court affirms the dismissal of Appellants' claims on tax comity grounds, then it need not reach their request to apply offensive non-mutual collateral estoppel to bar the USVI from defending itself against their constitutional claims based on the non-precedential decisions in *Reefco I* and *II*. If this Court does address that issue, it should affirm the District Court's decision that offensive non-mutual collateral estoppel, in general, should not apply against the USVI. If this Court determines that the doctrine could be asserted against the USVI in general, it should still find Appellants' request here wholly inappropriate under the circumstances.

## **ARGUMENT**

### I. **The tax comity doctrine applies to the USVI, and the dismissal of Appellants' claims without prejudice on tax comity grounds was reasonable.**

The tax comity doctrine applies to the USVI and under the circumstances, it was reasonable for the District Court to dismiss Appellants' cases on tax comity grounds. The court correctly arrived at that conclusion after thoroughly analyzing the open question of tax comity's application to the USVI and applying the

14

appropriate legal tests. As interpreted by the District Court, this Circuit's precedents allow for tax comity to be applied to the USVI when (1) Congress has not entered the field of taxation and plaintiffs are not seeking to enforce a federally created right, and (2) Appellants have a plain, adequate, and complete remedy available in local courts. Apdx-020-023.  In determining whether Appellants remedy in Virgin Islands courts is plain, adequate, and complete, the court applied the four-factor test set forth in *Levin*, 560 U.S. 413. Apdx-025-027 (*citing Z & R Cab*, 616 F. App'x at 531, n. 8).  Finding both tests satisfied, the court properly exercised its discretion to apply tax comity. Apdx-023-027.   The District Court was within its authority and discretion to dismiss Appellants' cases on those grounds, and this Court should affirm its decision on that basis.

In addition, Appellants have failed to carry their burden on appeal.  They argue that tax comity doctrine does not apply to the USVI, and even if it does apply in general, it should not have been applied to them. App. Br. at 16-34. As will be shown though, Appellants have failed to identify any legal error or abuse of discretion warranting reversal.  While Appellants would prefer to litigate their local excise tax claims in federal court, they have not shown that they are entitled to do so under the circumstances. Therefore, this Court should affirm the District Court's decision and deny the instant appeal.

15

**A. The District Court did not err or abuse its discretion in applying tax comity to the USVI and dismissing Appellants' local excise tax claims.**

The District Court did not err as a matter of law or abuse its discretion in dismissing Appellants' local excise tax claims on tax comity grounds. This is not even the first time the District Court has applied tax comity doctrine to the USVI. In 2018, it properly analyzed the issue in *Great Bay Condo. Owners Ass'n v. Gov't of the V.I.* and determined that, under the appropriate circumstances, local tax claims should be adjudicated in local courts. 2018 U.S. Dist. LEXIS 167921. Here, the District Court was called upon to revisit the issue. After reviewing the relevant tax comity jurisprudence, the District Court provided a well-reasoned analysis on the doctrine and its appropriate application to the USVI.

The District Court relied on and discussed the analysis in *Great Bay*. In *Great Bay*, an association of Ritz-Carlton timeshare property owners challenged the constitutionality of various USVI tax laws, including its "timeshare tax" and "disparate tax schedule." *Id.* at * 3-4. The association filed suit in District Court, alleging, *inter alia*, that the laws violated the dormant Commerce Clause of the U.S. Constitution. *Id.* The USVI moved to dismiss the complaint based on the Tax Injunction Act ("TIA"). *Id.* at * 4. The court quickly disposed of that argument, however. *Id* at * 9-14. Citing this Circuit's decisions in *Pan American World Airways, Inc. v. Duly Authorized Government of the Virgin Islands*, 459 F.2d 387

(3d Cir. 1972) and *Bluebeard's Castle v. Government of the Virgin Islands*, 321 F.3d 394 (3d Cir. 2003), the court correctly concluded that the TIA did not bar it from exercising jurisdiction over local tax disputes. *Great Bay*, 2018 U.S. Dist. LEXIS 167921 at * 9-14.  The analysis did not stop there though. Because the USVI had not expressly waived tax comity, the court considered, *sua sponte*, whether principles of comity and federalism applied. *Id*. at * 8-9.

To answer that question, the court began by reviewing U.S. Supreme Court precedent on tax comity doctrine generally. *Id*. at * 7-8 (*discussing Levin.*, 560 U.S. at 432; *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 297-302 (1943); and *Matthews v. Rodgers*, 284 U.S. 521, 525-26 (1932)). The court correctly concluded that the tax comity doctrine's reach exceeded that of the TIA, so it would need to look further at this Circuit's jurisprudence before applying it to the USVI. *Great Bay*, 2018 U.S. Dist. LEXIS 167921 at * 7-9.

Consequently, the court's analysis turned to this Circuit's decision in *Bluebeard's Castle*. *Id.* at * 14.  While the court understood that the Circuit chose not to apply tax comity in that case, it reasoned that the decision hinged not on any question of the sovereignty of the Virgin Islands to restrict Congress's legislative authority, but on the local character of the tax and the source from which that local character derived. *Id*.  The court construed *Bluebeard's Castle* as holding that the

question of tax comity in the Virgin Islands does not turn on whether the Court has federal question jurisdiction but rather on whether Congress had entered the taxation field. *Id.* at * 14-16, *23-24.  Accordingly, it held that "after the 1984 amendments, whenever *Congress has entered the taxation field*, comity or federalism-like concerns do not apply." *Id.*

The court cited four grounds in support of its holding. *Id.* at * 24-30.  First, it found the holding was consistent with both Congress's 1984 amendments to the Revised Organic Act and this Circuit's subsequent jurisprudence applying principles of federalism and comity to the USVI. *Id.* at * 23-26 (*citing Williams v. Gov't of the Virgin Islands Bd. Of Med. Examiners*, 360 F. App'x 297, 301 (3d Cir. 2010) (holding *Younger* abstention applies to the USVI); *Kendall v. Russell*, 572 F.3d 126, 130, n. 3 (3d Cir. 2009) (same); and *Edwards*, 497 F.3d at 360 (holding the Erie doctrine and Rules of Decision Act apply to the District Court of the Virgin Islands)). Second, the court found the holding "provided appropriate weight to Congressional determinations" regarding particular fields of local taxation. *Great Bay*, 2018 U.S. Dist. LEXIS 167921 at * 26.  Third, it found the District Court of Guam had reached a similar interpretation of *Bluebeard's Castle* in *Gov't of Guam v. Camacho*, 2006 U.S. Dist. LEXIS 44814 (D. Guam June 29, 2006). *Great Bay*, 2018 U.S. Dist. LEXIS 167921 at * 26-29.  Lastly, the court found the holding was congruent with its holding in *35 Acres Assocs. v. Adams*, 962 F. Supp. 687, 688-89 (D.V.I. 1997), wherein the same "principles of comity and federalism underlying the [TIA]" were

applied to dismiss a case that would have necessarily interfered with the USVI's administration of its tax code. *Great Bay*, 2018 U.S. Dist. LEXIS 167921 at * 26-29.

Accordingly, in *Great Bay*, the District Court held that "when plaintiffs file suit seeking injunctive or declaratory relief or damages with respect to a local tax imposed on them by the Virgin Islands Government, they may only proceed in [federal court] if: (1) Congress has entered the field and the plaintiffs are seeking to enforce such a federally created right, or (2) a plain, adequate, and complete remedy is not available in the local courts." *Id.* at * 30.  Having determined this clear, well-articulated test applied to the *Great Bay* plaintiffs' tax claims, the court considered whether tax comity should be applied under the circumstances presented. *Id.* at * 35-57.

With respect to the *Great Bay* plaintiff's timeshare tax refund claims, the court concluded that, while Congress had not entered the field of taxation at issue, the remedy in local courts was inadequate. *Id.* at * 50.  The court based its holding largely on the USVI's financial situation at the time.  The court discounted the possibility that a tax credit would provide meaningful relief because "[i]f the timeshare fee was determined to be unconstitutional, providing a credit for future timeshare fee payments would not a be an adequate remedy." *Id.* at * 51.  As a result of the court's concerns, it chose not to apply tax comity to those claims. *But see*, *id.*

at * 36, n. 8 ("After considering the four factors identified in *Levin*, the Court is satisfied that the tax comity doctrine still applies…."). Later, the court would dismiss them on the merits. *Kimberly Stonecipher-Fisher Revocable Living Trust v. Gov't of the V.I.*, 2020 U.S. Dist. LEXIS 61887, * 14-24 (D.V.I. 2020).

Concerning the *Great Bay* plaintiff's disparate tax schedule claims, however, the court ultimately did decide that it was appropriate to apply tax comity to the USVI. As it had with the timeshare tax, the District Court found Congress had not entered the field of taxation at issue. But, because the relief sought for these claims was injunctive and declaratory rather than monetary, the court focused its remedy analysis on the ability of local courts to timely adjudicate cases. The court ultimately found that plaintiffs had failed to carry their burden of adducing sufficient evidence in support of their contention that the relief available through Virgin Islands courts was inadequate. As a result, the court found it appropriate to apply tax comity and dismiss those counts.

On appeal, the USVI urged the Third Circuit to apply tax comity to plaintiffs' timeshare tax claims. *American Resort*, 848 F. App'x at 81, n 3. But, because tax comity was non-jurisdictional and the court had already decided to affirm dismissal of those claims on the merits, it did not decide whether tax comity applies to the USVI. *Id*. Importantly though, this Court did not identify any legal error in the district court's decision to dismiss plaintiffs' disparate tax schedule claims on tax

comity grounds. Thus, not only did the district court retain the discretion to apply tax comity doctrine to the USVI under appropriate circumstances, but it also obtained this Circuit's tacit approval of the USVI's tax comity test as articulated and applied in *Great Bay*. Against this backdrop, the District Court's decision in *In re: Excise Tax Litigation* makes complete sense.

In *In re: Excise Tax Litigation*, the District Court's analysis tracked that of *Great Bay*. It started by reviewing U.S. Supreme Court precedent and confirming that the TIA and tax comity doctrine were not co-extensive. Apdx-019-021. It then reviewed *Bluebeard's Castle* and the Third Circuit's approach when deciding whether to apply principles of federalism to the USVI. Apdx-021. Agreeing with the rationale expressed in *Great Bay*, the court interpreted *Bluebeard's Castle* to hold that "after the 1984 amendments, whenever *Congress has entered the taxation field*, comity or federalism-like concerns do not apply." Apdx-022.

Upon this preliminary analysis, the court then considered whether Congress had entered the field of local excise taxation. Apdx-022-023. It determined that, unlike in *Bluebeard's Castle* where Congress had instituted its own substantive regulations on USVI property taxation, Congress had not imposed any such regulation on USVI excise taxation. Apdx-022-023. Therefore, the court held tax comity could be applied to the USVI "under appropriate circumstances." Apdx-022-023. Specifically, the court held that "[a plaintiff seeking injunctive or declaratory

relief or damages with respect to a local tax imposed on them by the Government of the Virgin Islands] may only proceed in [federal court] if: (1) Congress has entered the field and the plaintiffs are seeking to enforce such a federally created right, or (2) a plain, adequate, and complete remedy is not available in the local courts."[1] Apdx-022-023 (*citing Great Bay*, 2018 U.S. Dist. LEXIS at * 12).

Applying this test to Appellants' claims, the court first confirmed that USVI's local excise tax was, in fact, properly classified as a "tax" rather than a "fee." Apdx-023-024. The court considered this a threshold matter, citing this Circuit's decision in *Robinson Protective Alarm Co. v. City of Phila.*, 581 F.2d 371, 376 (3d Cir. 1978) (drawing a distinction between "taxes" and "fees" for purposes of applying the TIA and its underlying principles of federalism and comity.). Apdx-023-024. The District Court did not credit Appellants' illusory argument that the relief sought was only monetary, and therefore, tax comity should not apply. Apdx-025-027. Appellants' claims challenge the enforcement of a local tax in federal court and clearly "risk disrupting [local] tax administration." Apdx-027; *see also Armstrong v. Walborn*, 745 Fed. Appx. 12, 13 (9th Cir. 2018) ("[A] federal court order requiring a state to grant a tax refund is equivalent to an order preventing the collection of taxes."). Having already determined that Congress had not entered the field of USVI

---

[1] It is clear from the District Court's opinion that, in this context, the term "damages" encompasses all forms of monetary relief, including claims for refunds. Apdx-025-027.

excise taxation, the court turned to Appellants' remedies in local courts. Apdx-025-027.

It is here where the court's analysis diverges somewhat from that of the court in *Great Bay*. Instead of grounding its decision on the USVI's finances, the court here more closely followed the test articulated by this Circuit in *Z & R Cab*, namely:

> [W]hether (1) the challenged law concerned 'commercial matters over which' the state 'enjoys wide regulatory latitude'; (2) the suit requires adjudicating 'any fundamental right or classification' to which heightened scrutiny applies; (3) the state courts are 'better positioned than their federal counterparts to correct any violation' and provide a remedy; and (4) more than one potential remedy could adequately redress the alleged constitutional defect.

Apdx-023-024 (*citing Z & R Cab*, 616 F. App'x at 531, n. 8 (*citing Levin*, 560 U.S. at 431-32)).

In objecting to the R&R, the USVI had argued that these factors and the considerations undergirding other comity-based doctrines should guide the court's analysis. The court agreed and further found the decision in *Z & R Cab* particularly notable as it directly contradicted Appellants' claim that comity doctrine should not be applied simply because a previous court had already held a tax was unconstitutional.[2] *Id.* at n. 7 (*citing PSMT, LLC. v. the Government of the Virgin Islands, et al.*, Case No. 3:19-cv-0118, ECF No. 45, at 5).

---

[2] In *Z & R Cab*, the Third Circuit instructed the District Court to consider applying tax comity to plaintiff's refund claims – even though the tax at issue had already been declared unconstitutional and unenforceable. *Id.* (*citing, generally, Z & R Cab*,

Before applying the *Z & R Cab* test though, the court noted that Appellants'
briefing in response to USVI's objections to the Magistrate's R&R "did not directly
address whether there was a plain, adequate, and complete state remedy." Apdx-026.
In contrast with the plaintiffs in *Great Bay*, Appellants did not engage in extensive
post-hearing discovery or even submit a meaningful response to the USVI's
objections. *See Great Bay*, 2018 U.S. Dist. LEXIS at * 5.  Instead, they merely
incorporated their arguments from the closing brief to the Magistrate Judge wherein
they contended only that the USVI was in dire financial conditions and would be
unable or unwilling to timely pay a refund absent federal involvement. SApdx-107.
The District Court considered these arguments, but Appellants' failure to address the
*Z & R Cab* test contributed to the court being unconvinced "that a federal remedy
was any better suited for forcing refunds that one imposed by Virgin Islands courts."
Apdx-026.

Discussing each factor, the court first confirmed that "the excise tax concerns
commercial matters over which [the Virgin Islands] enjoys wide regulatory
latitude." Apdx-026.  Next, the court held that the suit did not require adjudicating
any fundamental right or classification to which heightened scrutiny applied,

---

616 F. App'x 527). Ultimately, as was done here, the district court in *Z & R Cab*
exercised its discretion to dismiss plaintiff's tax refund claims on comity grounds. *Z
& R Cab, LLC v. Philadelphia Parking Authority*, 2015 U.S. Dist. LEXIS 189537,
* 3-9 (E.D. Pa. July 22, 2015) (*citing Remington Rand Corp. Del. v. Bus. Sys. Inc.*,
830 F.2d 1260, 1266 (3d Cir. 1987)).

especially in light of Appellants' insistence that the constitutionality of the statute had already been adjudicated. Apdx-026. Finally, the court found that Virgin Islands courts were better positioned to correct any violation because they were more familiar with state legislative preferences. Apdx-026 (citing *Levin*, 560 U.S. at 431-32). The fact that "the government [of the Virgin Islands] does not have legal authority to obey the judgment without first going to the Legislature of the Virgin Islands and requesting an appropriation" regardless of which court issued a refund, weighed heavily in favor of applying comity. Apdx-026. In the end, the court correctly found that "each of the *Z & R Cab* factors counsels in favor of abstaining from hearing this case." Apdx-027.

Of note, the court was unclear as to how to apply the fourth *Z & R Cab* factor because it incorrectly presumed that "there is a single adequate remedy that Virgin Islands courts could fashion in this case, a refund to the aggrieved plaintiffs." Apdx-026-027. To the contrary, several potential remedies would adequately redress the alleged constitutional defects, including a credit against future excise taxes, retroactive assessment on competitors, or some combination of the various remedies. SApdx-047-048. Unlike with the timeshare tax in *Great Bay*, a credit against future excise tax payments would certainly redress Appellants' claims. As the VIBIR Director confirmed, such relief is typical in cases of excise tax overpayments. Apdx-246. While Appellants may not prefer these alternative forms of relief, they failed to argue or introduce any evidence that such remedies would be inadequate.

25

Considering the availability of these alternative forms of relief, comity would suggest that deference to the Virgin Islands' adjudicative process is appropriate. Thus, all four of the *Z & R Cab* factors favor comity.

Upon this proper application of the tests articulated in *Great Bay* and *Z & R Cab*, the court correctly concluded that tax comity should be applied to the USVI, and it exercised its discretion to dismiss Appellants' excise tax refund claims without prejudice. The court's decision does not deny Appellants the ultimate relief they seek; it simply allows local courts to administer local law consistent with territorial preferences. The District Court was not foreclosed from extending tax comity to the USVI, and under the circumstances, the court was within its authority and discretion to dismiss Appellants' local excise tax claims on tax comity grounds. Appellants have failed to identify any error or abuse of discretion sufficient to warrant reversal. Therefore, this Court should affirm the District Court's order and deny the instant appeal.

### B. Appellants have failed to carry their burden on appeal.

Appellants have not identified any legal error or abuse of discretion on which to reverse the District Court's dismissal order. Thus, they have failed to carry their burden on appeal. Appellants first argue that the District Court is foreclosed from applying tax comity to the USVI. According to Appellants, the District Court cannot

apply principles of federalism without this Circuit's prior explicit approval. But this Circuit's affirmance in both *Williams*, 360 F. App'x 297, and *Kendall*, 572 F.3d 126, sanctioning the District Court's proper application of *Younger* abstention doctrine to the USVI directly contradicts that unsupported contention.

Appellants also suggest that 48 U.S.C. § 1612(a) provides the District Court with exclusive jurisdiction over not just income tax disputes but all local tax disputes. App. Br. at 17 (*citing Birdman v. Off. of the Governor*, 677 F.3d 167, 177 (3d Cir. 2012)). This argument is being asserted for the first time on appeal, therefore it should be deemed waived. *See United States v. Rose*, 538 F.3d 175, 179 (3d Cir. 2008) ("It is well-settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances."). This argument is also incorrect. The plain language of § 1612(a) clearly applies only to income tax disputes, and even then, it is expressly limited to those income tax laws which are provisions of the Internal Revenue Code. *Birdman*, 677 F.3d at 175-77. Further, 48 U.S.C. § 1612(b) clearly limits the district court's jurisdiction where local courts are vested with jurisdiction by local law. Here, the Virgin Islands Legislature had vested jurisdiction over local taxes disputes in the Superior Court of the Virgin Islands. 33 V.I.C. § 1691, *et. seq.*

Appellants' second argument claims, in the alternative, that if tax comity does apply to the USVI in general, it should not have been applied here. Appellants premise this argument on four assertions: (1) their cases must be treated like *Reefco*;

27

(2) actions like theirs seeking only a tax refund do not invoke principles of comity; (3) the Superior Court does not provide a plain, adequate, and complete remedy; and (4) there is no guarantee of repayment.

Concerning Appellants' first assertion, that their cases must be treated like *Reefco*, Appellants argue that "like cases should be decided alike." App. Br. at 18 (*citing Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005)). However, Appellants are not asking this Court to apply precedent here. They are asking this Court to apply offensive non-mutual collateral estoppel against the USVI based on the non-precedential decisions of *Reefco I* and *II*. App. Br. at 34-41. While those cases may be treated as instructive, Appellants do not cite to any authority allowing non-precedential decisions to have such preclusive effect. Further, Appellants provide no analysis on which to base their conclusory statements.

Appellants also attempt to portray their "wait and see" approach to *Reefco* as reasonable. Even though they could have easily joined in *Reefco I*, Appellants suggest they intended to "sav[e] the federal court system's judicial resources by not having to entertain additional cases." App. Br. at 18. Of course, that makes no sense given Appellants still planned to bring their own individual suits after *Reefco* had concluded. More likely, Appellants allowed *Reefco* to proceed alone as their "test case" in hopes of receiving a favorable decision that they could then use in an offensive, non-mutual manner against the USVI. That appears to be exactly what happened here, except unlike in *Reefco* where the issue of tax comity was not

actually litigated, the District Court did address the USVI's tax comity argument and determined the doctrine should be applied under the circumstances. Appellants' "wait and see" approach to *Reefco* should not be rewarded. *See*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).

Concerning Appellants' second assertion, that actions like theirs seeking only a tax refund do not invoke principles of comity, Appellants claim that they only seek monetary relief, and as a result, "this case does not involve an attempt to impede the collection of state/territorial taxes." Appx. Br. at 19. Appellants then attempt to distinguish their cases from those of *Levin*, 560 U.S. 413, *Fair Assessment*, 454 U.S. 100, *Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582 (1995), and *Great Bay*, 2018 U.S. Dist. LEXIS 167921, where the requested relief included injunctive and declaratory relief. Appx. Br. at 19-24. However, Appellants fail to apply Supreme Court precedent in determining when maintenance of a suit would act to suspend collection of state taxes. *See Fair Assessment*, 454 U.S. at 113. In *Fair Assessment*, the Court focused on two factors: (1) whether plaintiffs could recover relief absent a determination that their constitutional rights were violated, and (2) whether maintenance of the suit would intrude on the enforcement of the state scheme by haling state tax collection officials into federal court to defend their action. *Id.*

Here, while Appellants claim to only seek a refund, their prayers for relief contain a litany of requests, including a judgment in their favor, reasonable

attorneys' fees and costs, and both pre- and post-judgment interest. Apdx-086-152. Like the plaintiff in *Fair Assessment*, Appellants cannot obtain relief absent a determination that their constitutional rights were violated. *Fair Assessment*, 454 U.S. at 113. Moreover, maintenance of Appellants' suit will necessarily intrude on the enforcement of the USVI scheme, especially if the district court were called upon to decide the appropriate remedy and have to choose among a refund, a credit, or some other form of relief. Even if that were not the case, other courts have held "a federal court order requiring a state to grant a tax refund is equivalent to an order preventing the collection of taxes." *E.g. Armstrong*, 745 Fed. Appx. at 13 (internal citations omitted).

Concerning Appellants' third assertion, that the Superior Court does not provide a plain, adequate, and complete remedy, Appellants portray a "grim state-of affairs" in USVI courts. In support, they cite to unnamed Virgin Islands legal practitioners and cherry-picked examples of lengthy Superior Court litigation. App. Br. at 25-30. Appellants do not ground their claims in any parameters on which to judge the length of time their claims would take to adjudicate in local court or whether that time would be deficient. As such, this unsupported argument should be rejected.

Appellants also cite to the Virgin Islands Legislature's amendment of 5 V.I.C. § 31, which provides for trial preferences in certain circumstances, as proof of local court dysfunction, although they conveniently neglect to mention that § 31 mirrors

similar statutes in the eminently functional court systems of New York, California, Nevada, and Illinois. App. Br. at 25-30; New York Civil Practice Law and Rules Rule 3404, California Code of Civil Procedure § 36; Nevada Revised Statutes Annotated § 16.025; Illinois Revised Statutes Annotated 5/2-1007.1. Indeed, Appellants intend § 31 to pull double duty for them, serving both as a symptom of local court dysfunction and a roadblock to local courts' proper functioning. Neither of these entirely speculative arguments carry Appellants' burden.

Concerning Appellants' fourth and final assertion, that there is no guarantee of repayment, Appellants argue the USVI's financial situation is "materially unchanged (or worse)" since the District Court held the local refund remedy to be inadequate in *Great Bay*. App. Br. at 30-34. But Appellants did not focus their analysis on this Circuit's precedent when evaluating local remedies. Appellants' argument does not apply the *Levin* factors as articulated in *Z & R Cab* or even address the District Court's application of such factors. Consequently, Appellants fail to address the availability of other plain, adequate, and complete local remedies, such as a credit against future excise tax payments.

Moreover, as argued by the USVI below, the financial circumstances of the USVI are much improved since the decision in *Great Bay*. SApdx-048. The Government continues to pay out income tax refunds owed. *Id.* (*citing* Exhibit 1, VIBIR Director Lee Aff.). The Virgin Islands FY 2022 Budget includes a $5 million dollar appropriation above the current budgetary demands. *Id.* "If required by law,

the [USVI] will be in a financial position to pay refunds for the excise tax." *Id.* The evidence shows that the USVI's financial situation as described in *Great Bay* is outdated.

Further, Appellants claim to have uncovered "new damning evidence" that their local tax refund remedy would require a special appropriation of the Virgin Islands Legislature. The District Court rejected that argument though after correctly noting that whether a federal or a local court were to order a refund would have no practical effect on that payment process. Appellants concede that "a judgment requiring the payment of a tax refund issued by the [federal] court would look exactly the same as one issued by the Superior Court." App. Br. at 21. As the District Court held, "[e]specially considering … that any refund will require a commensurate appropriation from the Virgin Islands Legislature, Virgin Islands courts 'are better positioned to correct any violation because they are more familiar with state legislative preferences." Apdx-026 (*citing Levin*, 560 U.S. at 431-32).

As shown, each of Appellants' arguments are unavailing. Appellants have not identified any legal error or abuse of discretion upon which to reverse the District Court's dismissal order. Thus, they have failed to carry their burden on appeal. If this Court agrees with the District Court's decision to dismiss Appellants' cases on tax comity grounds, it may affirm the court's final order without determining whether the court was also correct to hold that offensive non-mutual collateral estoppel does not apply to the USVI. Alternatively, if this Court were to disagree

with application of tax comity to Appellants' cases, it should at least affirm the District Court's decision not to apply offensive non-mutual collateral estoppel to the USVI, as more fully argued below.

## II. The District Court correctly rejected application of offensive non-mutual collateral estoppel to the USVI.

Appellants seek application of offensive non-mutual collateral estoppel ("ONMCE") to bar the USVI from raising the doctrine of tax comity or defending itself against their constitutional claims based on the non-precedential opinions in *Reefco*. The District Court was correct in denying those requests. Under the doctrine of collateral estoppel, or issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Its "offensive" use occurs when a plaintiff seeks to bar a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action. *United States v. Mendoza*, 464 U.S. 154, 159 (1984).

In this Circuit, "[t]he prerequisites for the application of issue preclusion are satisfied when: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it was determined by a

final and valid judgment; and (4) the determination was essential to the prior judgment." *Burlington N. R.R. v. Hyundai Merch. Marine Co*., 63 F.3d 1227, 1231-1232 (3d. Cir. 1995) (Internal brackets omitted).  Even when these requirements are met, courts must also consider "whether there are special circumstances present which make it inequitable or inappropriate to foreclose relitigation of a previously determined issue." *AMTRAK v. Pa. PUC*, 288 F.3d 519, 528 (3d Cir. 2002) (*citing* Restat 2d. of Judgments, § 28).  For instance, when a plaintiff could easily have joined the earlier action or the application of offensive estoppel would be unfair to a defendant, offensive collateral estoppel should not be allowed. *Parklane Hosiery Co.*, 439 U.S. at 331; *see also* 18 CHARLES A. WRIGHT ET. AL., FEDERAL PRACTICE AND PROCEDURE § 4425, at 253-54 (1981) ("Preclusion should not apply if there has been either a change in the facts or the governing rules.").

The purpose of collateral estoppel is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Mendoza*, 464 U.S. at 158.  In 1971, the U.S. Supreme Court broadened its application in furtherance of those policies by abandoning mutuality of parties as a requirement for offensive collateral estoppel. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971).  But since then, ONMCE's use against both federal and state government has been greatly limited. *Mendoza*, 464 U.S. 154; *Hercules Carriers, Inc. v. Claimant State of Fla*., 768 F.2d 1558 (11th Cir. 1985).

*But see*, *e.g.*, *In re Stevenson*, 615 Pa. 50, 68, n. 8 (Pa. 2012) (declining to extend *Mendoza* in the absence of an express extension by the U.S. Supreme Court).

In *Mendoza*, the Supreme Court reversed a Ninth Circuit decision affirming a district court's application of ONMCE where the federal government had chosen not to appeal a prior adverse ruling on a constitutional due process issue. 464 U.S. at 162-163. The Supreme Court held that ONMCE should not be applied against the government to preclude relitigation of certain issues because "[t]he conduct of Government litigation in the courts of the United States is sufficiently different from the conduct of private civil litigation in those courts so that what might otherwise be economy interests underlying a broad application of collateral estoppel are outweighed by the constraints which peculiarly affect the Government." *Id.*

Specifically, the Supreme Court outlined two major policy interests in *Mendoza*. *Benjamin v Coughlin*, 905 F.2d 571, 576 (2d Cir. 1990). First, the Court in *Mendoza* reasoned that "[u]nlike a private litigant who generally does not forgo an appeal if he believes that he can prevail, the Solicitor General considers a variety of factors, such as the limited resources of the Government and the crowded dockets of the courts, before authorizing an appeal." *Mendoza*, 464 U.S at 161. Applying ONMCE to the government then "would force the Solicitor General to . . . appeal every adverse decision in order to avoid foreclosing further review," which would be untenable. *Id.* Further, the court reasoned that "[i]n addition to those institutional

35

concerns traditionally considered by the Solicitor General, the panoply of important public issues raised in governmental litigation may quite properly lead successive administrations of the Executive Branch to take differing positions with respect to the resolution of a particular issue." *Id*. Because premature estoppel would stymie that process, ONMCE was disfavored. *Id*.

When assessing the potential harm, the Court noted that private litigants in disputes over private rights did not suffer a significant enough harm from enforcing ONMCE where appropriate to justify burdened courts with repetitive litigation. *Id*. at 159 (*citing Montana*, 440 U.S. 147). But the Court could not say the same for the government, who it found "more likely than any private party to be involved in lawsuits against different parties which nonetheless involve the same legal issues." *Mendoza*, 464 U.S. at 159-160. As such, the Court found the harm that would result from allowing ONMCE against the government was significant enough to create a near *per se* rule against it. *Id*. And even for cases outside of the near *per se* rule, the Court counseled lower courts to "be careful when they seek to apply expanding rules of collateral estoppel to Government litigation." *Id*. at 161.

While *Mendoza* involved a federal government litigant, the rationale of its holding has been extended by numerous courts to create a similar rule for state government litigants. *See*, *Idaho Potato Comm'n v. G&T Terminal Packaging, Inc*., 425 F.3d 708, 714 (9th Cir. 2005); *Hercules Carriers, Inc.*, 768 F.2d at 1578-79;

*Benjamin*, 905 F.2d at 575-76 (applying ONMCE to state court proceedings only after determining the policy interests in *Mendoza* were not implicated). *But see*, *State v. United Cook Inlet Drift Ass'n*, 895 P.2d 947 (Alaska 1995) (ONMCE may be applied to bar a State from relitigating mixed questions of law and fact but not unmixed questions of law); *In re Stevenson*, 615 Pa. at 68, n. 8 (Pa. 2012) (declining to extend *Mendoza* in the absence of an express extension by the U.S. Supreme Court). "A state agency's position as a litigant is sufficiently different from that a of a private litigant such that the economy of interest underlying a broad application of issue preclusion do not, as a general rule, justify the non-mutual offensive application of the doctrine against the agency." *Gould v. Dep't of Health & Soc. Servs.*, 216 Wis. 2d 356, 369 (Ct. App. 1998).

In considering the question of whether ONMCE applies to the USVI, the District Court noted that the USVI's legal status with respect to ONMCE was ambiguous. Apdx-028. The court did not endeavor to resolve that ambiguity though because the distinction made no difference. Apdx-028. Citing the Eleventh Circuit's ruling in *Hercules Carriers, Inc.*, 768 F.2d at 1578-79, and the Supreme Court's ruling in *Mendoza*, 464 U.S at 164, the court held that "[r]egardless of [whether the USVI's legal status for purposes of ONMCE is that of a unified entity with the federal government or a state], the doctrine should be barred." *Id.*

Although the court did not provide its full analysis, that is of no moment here because ONMCE's application as requested by Appellants would have been inappropriate in any event. However, to prevent any future litigant from arguing, like Appellants have here, that the USVI failed – in its first and last opportunity – to litigate this issue, we assert that: (1) this Court should treat the USVI as it would a state for purposes of ONMCE, hold *Mendoza* applies to the USVI, and reject ONMCE's application here pursuant to *Mendoza*; (2) should this Court decide to treat the USVI as a federal entity, it should reject ONMCE's application here pursuant to *Mendoza*; and (3) should this Court decide not to reject ONCME's application pursuant to *Mendoza*, it should still deny Appellants requests here because the doctrine's prerequisites have not been satisfied.

**A. This Court should treat the USVI as it would a State for purposes of ONMCE, hold *Mendoza* applies to the USVI, and reject ONMCE's application here pursuant to *Mendoza*.**

This Court should treat the USVI as it would a State for purposes of ONMCE, hold *Mendoza* applies to the USVI, and reject ONMCE's application here pursuant to *Mendoza*. The first of these actions is not unfamiliar to the Third Circuit. This Circuit's trend has been to treat the courts and litigants of the USVI as it would those of a State when applying judicial doctrine. *See*, *Williams*, 360 F. App'x at 301; *Kendall*, 572 F.3d at 103, n. 3; and *Edwards*, 497 F.3d at 360. Doing so with respect

38

to ONMCE here would be consistent with this Circuit's jurisprudence, Congress's 1984 amendments to the Revised Organic Act, and the outcome advocated by the USVI above with respect to tax comity. If this Court reaches the issue, it should treat the USVI as it would a State for purposes of an ONMCE analysis.

Based on that appropriately drawn conclusion, the court should hold that the rationale outlined in *Mendoza* for not applying ONMCE against the federal government is equally applicable to the USVI. Here, the issues for which Appellants seek to apply ONMCE directly implicate the second rationale of *Mendoza's* near *per se* rule, namely: avoiding premature estoppel. In *Reefco*, the refund at stake totaled only $5,287.74. *Reefco*, 2018 U.S. Dist. LEXIS 199507 at \*4-5. In contrast, the refund amount claimed by Appellants here totals approximately $1,510,292.00, not including interest. App. Br. at 4, n. 1. Given the significantly different stakes and the unsettled nature of ONMCE's applicability to the USVI, it would be patently unfair to bar the USVI from reasserting tax comity and defending itself against Appellants' constitutional claims based on the non-precedential opinions in *Reefco*. *Parklane Hosiery Co.*, 439 U.S. at 331. Moreover, Appellants could have easily joined in the earlier action, but deliberately elected to take a "wait and see" approach to the "test case" *Reefco* litigation. *Id.*; App. Br. at 18.

Appellants point out that the Third Circuit has never applied *Mendoza* to state governments in general or to the USVI, but they do not suggest that it would be

inappropriate to do so. App. Br. at 38-39 ("[T]his Court has cited to *Mendoza* only eight times and has never held that estoppel does not apply to state government in general, nor the GVI in particular.").  Instead, they cite to *AMTRAK*, 288 F.3d at 530-531, to show this Court has previously applied collateral estoppel against a state regulatory body. App. Br. at 38-39.  But *AMTRAK* was a case of "offensive *mutual* estoppel," which did not require the court to consider the major policy concerns outlined in *Mendoza*. *AMTRAK*, 288 F.3d at 525 (emphasis added).  In fact, the court in *AMTRAK* explicitly stated that the application of ONMCE in that case would have presented "a materially different issue" and counseled against applying ONMCE to state government when doing so would "impede the development of the law." *Id*. at 530-31 ("Moreover, foreclosing the PUC from relitigating its Eleventh Amendment immunity issue with Amtrak will not impede the development of the law because the PUC will remain free to relitigate that issue with anyone else who hauls it into federal court.").  Under these circumstances, the court should hold that *Mendoza* is equally applicable to the USVI and reject applying ONMCE here pursuant to the premature estoppel rationale.

**B. Assuming *arguendo* that this Court decides to treat the USVI as a federal entity, it should still reject ONMCE's application here pursuant to *Mendoza*.**

Should this Court deviate from its recent jurisprudence and opt to treat the courts and litigants of the USVI as if the territory were a unified entity with the

federal government, *Mendoza* is nonetheless controlling and ONMCE can only be applied if neither of the major policy concerns outlined therein are implicated. Consequently, for the same reasons expressed above, this Court should still reject ONMCE's application based on the premature estoppel rationale outlined in *Mendoza*. To reiterate, the stakes involved in the two cases are markedly different. Barring the USVI from raising tax comity or defending itself against Appellants' constitutional claims based on the non-precedential opinions in *Reefco* pursuant to the unsettled ONMCE doctrine would be patently unfair. Appellants would not be prejudiced by being required to fully litigate these issues. Therefore, should this Court hold that the USVI is a unified entity with the federal government for purpose of an ONMCE analysis, it should still reject ONMCE's application against the USVI.

### C. The ONMCE doctrine's prerequisites are not satisfied.

ONMCE's application in these cases is inappropriate in any event. Should this Court decide not to reject ONCME's application pursuant to *Mendoza*, it should still deny Appellants requests for ONMCE here. Not only have the doctrine's prerequisite not been satisfied, but also Appellants could have easily joined the *Reefco* action. *See Parklane Hosiery Co.*, 439 U.S. at 331. Appellants argued below that the USVI should be precluded from raising tax comity or defending itself against

Appellants' constitutional claims based on *Reefco*. *See*, *e.g.*, SApdx-081-084, n. 2. Appellants' argument lacks merit though, as neither of these issues were actually decided in *Reefco*. In fact, the phrase "tax comity" was not mentioned once in either *Reefco* opinion. If neither the District Court nor the Third Circuit mentioned it—even in passing—then it cannot be said that the issue was actually decided such that the USVI should be precluded from ever raising it again.

Further, neither tax comity nor the constitutionality of Section 42 as applied to these Appellants was essential to any valid, final judgment. *Reefco* only decided the constitutionality of Section 42's prior enforcement as it applied to that plaintiff and tax comity played no role in that judgment. The injunction ordered in *Reefco* may have provided prospective relief against unconstitutional assessments for all future excise taxpayers, but those non-precedential opinions cannot be understood as a blank check for any and all retrospective refund seekers. Each Appellants case must stand on its own facts, and the USVI must be allowed to challenge those facts, as well as the application of law to those facts, in its defense. Thus, as more fully explained below, it cannot be argued that these prerequisites for application of ONMCE were met.

**i.    The prerequisites to applying ONMCE against the USVI on the issue of tax comity are not satisfied.**

Appellants request application of ONMCE to bar the USVI from raising the doctrine of tax comity, but that would be inappropriate here, where the second, third, and fourth prerequisites to its application are lacking. First, tax comity was not actually litigated in *Reefco*. Appellants acknowledge as much. App. Br. at 36 ("[W]hen given an opportunity to contest tax comity on appeal to this Court, the USVI failed to raise it in its opening brief in *Reefco II*.). Appellants provide no argument or authority for equating waiver in this context to actual litigation of the issue. Further, as noted by the District Court here, the court in *Reefco* did not determine the issue in its final decision. Apdx-027, n. 8. Since it was not determined in *Reefco I*, it could not have been essential to that judgment.

Resting on mere implication alone, Appellants claim that "the District Court rejected the USVI's tax comity argument when it granted in part, and denied in part, its motion to dismiss in *Reefco I*." App. Br. at 36. However, the District Court did not mention tax comity once, much less address it as a determination essential to its ultimate holding. Appellants make conclusory statements that the prerequisites to issue preclusion are satisfied, but they fail to provide a proper analysis. As a proper application of the test for issue preclusion shows, the doctrine's prerequisites have not been satisfied. Therefore, this Court should reject ONMCE's application to the issue of tax comity as requested by Appellants.

43

### ii.    The prerequisites to applying ONMCE to the USVI on the issue of Appellants' constitutional claims are not satisfied.

Separately, Appellants request the application of ONMCE to bar the USVI from defending itself against their constitutional claims, but that would be inappropriate here, where none of the four prerequisites to its application are satisfied.  First, the issue sought to be precluded here is not the same as that involved in *Reefco*.  The opinions in *Reefco* did not purport to decide the constitutionality of Section 42's prior enforcement as applied to every Virgin Islands excise taxpayer ever.  Indeed, the District Court would not have been able to craft such a broad holding because of the required factual analysis that must accompany any dormant Commerce Clause claim.  Appellants describe the relevant holding as "that the USVI was administering the excise tax in an unconstitutional manner." App. Br. at 36.  But their request to apply ONMCE is not limited to that general finding; they want to use it as a specific finding as to their unproven claims.  Appellants do not want to have to show a similarly situated, non-importing local competitor was advantaged, as required under *General Motors Corp. v. Tracy*, 519 U.S. 278 (1997).[3]  Nor do Appellants want to have to show that the tax was not passed on to their customers, as required. *See JDS Realty Corp.*, 852 F.2d at 67.

---

[3] "In absence of actual or prospective competition between the supposedly favored and disfavored entities in a single market there can be no local preference, whether by express discrimination against interstate commerce or undue burden upon it, to which the dormant Commerce Clause may apply." *General Motors*, 519 U.S. at 299.

The USVI made this argument below in the context of Appellants' failure to sufficiently plead injury. At the hearing before the Magistrate Judge, the USVI argued that to the extent the *Reefco* plaintiff was not required to make these showings, the District Court either improperly assumed those facts or erred in not requiring proof thereof. Apdx-305. In response, Appellants had no good answers. They cited generally to *Armco, Inc. v. Hardesty*, 467 U.S. 638 (1984) as not requiring any such showings, but that case predated *General Motors*. Further, that case is inapposite because the tax at issue there was a gross-receipts tax on all sales of tangible property in the State, and it was facially discriminatory. *Armco*, 467 U.S. at 640-41. Unlike here, the discrimination was patent in *Armco*. Appellants only other argument on the point, ironically, was that 33 V.I.C. § 1692 did not explicitly list those showings as necessary. Apdx-307. Appropriately, characterizing Appellants' request for ONMCE as an attempted "slam dunk," the Magistrate Judge correctly disregarded it as improper at the motion to dismiss stage. Apdx-311-13.

For similar reasons, the second, third, and fourth prerequisites to ONMCE were also not satisfied. The constitutionality of Section 42's prior enforcement against these Appellants was never actually litigated or determined in *Reefco*. And since no such determinations were made in *Reefco*, they could not have been essential to those judgments. The USVI agrees that *Reefco* found Section 42 had been enforced unconstitutionally as to that plaintiff, even though it laments that the *Reefco* plaintiff was not required to satisfy the requirements of *General Motors* or

*JDS*. Applying the non-precedential holdings in *Reefco* as requested by Appellants would effectively relieve them from having to prove the necessary elements of their claims. Given the care with which courts should apply ONMCE to local government generally, Appellants' attempted "slam dunk" should be blocked.

In sum, (1) this Court should treat the USVI as it would a State for purposes of ONMCE, hold *Mendoza* applies to the USVI, and reject ONMCE's application here pursuant to *Mendoza*; (2) should this Court decide to treat the USVI as a federal entity, it should reject ONMCE's application here pursuant to *Mendoza*; and (3) should this Court decide not to reject ONMCE's application here pursuant to *Mendoza*, it should still deny Appellants' requests here because the doctrine's prerequisites have not been satisfied, and Appellants' "wait and see" approach should not be rewarded.

## CONCLUSION

The District Court based its dismissal of Appellants' local excise tax claims on a proper analysis of applicable law and reasonable, evidence-based conclusions. Appellants have failed to show any legal error or abuse of discretion warranting reversal. Therefore, this Court should affirm the District Court's decision as a proper exercise of its discretion and deny this appeal.

Respectfully submitted,

**CAROL THOMAS-JACOBS, ESQ.**
Acting Attorney General

**PAMELA R. TEPPER, ESQ.**
Solicitor General

DATED: March 13, 2023

BY: /s/   *Michael R. Francisco*
**Michael R. Francisco, Esq.**
Assistant Attorney General
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, V.I. 00802

47

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to L.A.R. 28.3(d), I hereby certify that the undersigned is a Virgin Islands government attorney who is exempt from the Court's bar admission requirement.

/s/   *Michael R. Francisco*

Michael R. Francisco, Esq.

## CERTIFICATE OF WORD COUNT

Pursuant to FED. R. APP. P. 32(g)(1), I hereby certify that this brief complies with the formatting requirements and 13,000-word limit of FED. R. APP. P. 32(a). The word count for this brief is 11,578 words.

/s/   *Michael R. Francisco*

Michael R. Francisco, Esq.

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. App. P. 25(c) and L.A.R. Misc. 113, I hereby certify that on March 13, 2023, the undersigned caused a true correct copy of the foregoing to be e-filed and served via CM/ECF, to Joseph A. DiRuzzo, III, Esq. at jd@diruzzolaw.com and Michael L. Sheesley, Esq. at michael@sheesley-law.com, counsel for Appellants.

/s/   *Michael R. Francisco*

Michael R. Francisco, Esq.

## **CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS**

Pursuant to L.A.R. 31.1(c), I hereby certify that the text of the electronic brief is identical to the text in the paper copies.

/s/   *Michael R. Francisco*

Michael R. Francisco, Esq.

## **CERTIFICATE OF VIRUS CHECK**

Pursuant to L.A.R. 31.1(c), I hereby certify that a virus detection program has been run on the electronic brief and no viruses were detected (Windows Defender Firewall, Version: 4.18.2201.10).

/s/   *Michael R. Francisco*