

Joseph A. DiRuzzo, III, Esq., CPA
954.615.1676
jd@diruzzolaw.com

May 13, 2023

**Via ECF only**

United States Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

       Re:     *Apex Construction Co., Inc., et al. v. USVI*
              **case no. 22-2675, Rule 28(j) letter**

Dear Judges Restrepo, McKee, and Smith:

Pursuant to this Court's May 10th order, the Appellants submit this Rule 28(j) letter. The May 10th order asked, "whether the tax comity doctrine should apply when seeking monetary relief." The answer to this question is "no."

There are a few reasons that support the Appellants' position.

**Statutory Authorization.** *First,* 33 V.I.C. § 1692 expressly allows for civil action for refunds against the Government of the Virgin Islands. Thus, when the Virgin Islands Legislature created a statutory cause of action for taxpayers it expressly contemplated that suits for monetary relief would be brought, and waived governmental sovereign immunity to effectuate that result. There is no principled reason why the District Court of the Virgin Islands, applying the law of the jurisdiction where it sits, against a governmental body that is bound by the substantive law of the Virgin Islands, is not empowered to provide legal (i.e., monetary) relief under Section 1692.

**No Equitable or Declaratory Relief Sought.** *Second,* the Supreme Court has been clear, the proper way to address problems with state taxation systems is "to pursue refund suits instead of attempting to restrain collections." *Hibbs v. Winn,* 542 U.S. 88, 104 (2004). And that is exactly what the Appellants did here, they paid the tax then sued for a refund but did not seek to restrain/enjoin collections, nor seek declaratory relief. *See Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 299–300 (1943) (barring declaratory relief).

**No Section 1983 Damages.** *Third,* while the comity doctrine has historically concerned claims for equitable relief in the federal courts, the Supreme Court has held that it can also apply to claims for damages. In *Fair Assessment in Real Estate Association v. McNary,* 454 U.S. 100 (1981), the Court came to this conclusion because it found that a damages claim "would be no less disruptive of [the] tax system than would the historic equitable efforts to enjoin the collection of taxes." *Id.* at 113.

Importantly, the issue in *Fair Assessment* was "whether a damages action may be brought under 42 U.S.C. § 1983 to redress the allegedly unconstitutional administration of a state tax system." *Id.* at 101. Because the Appellants *did not seek* Section 1983 damages, but instead used the statutorily authorized cause of action under Section 1692, this case does not fall under the ambit of *Fair Assessment* and does not implicate the Supreme Court's concern that a Section 1983 case "would 'in every practical sense operate to suspend collection of the state taxes.'" *Id.* at 115 (quoting *Great Lakes*, 319 U.S. at 299).

**Monetary Relief was Previously Provided.** *Fourth,* the constitutionality of the territorial excise tax in the period at issue here, i.e., before the District Court of the Virgin Islands enjoined collection of the tax in November 2018, has been definitively decided and affirmed on appeal by this Court in *Reefco Services, Inc. v. Government of the Virgin Islands,* 830 Fed. App'x 81 (3d Cir. 2020). A suitable remedy, i.e., a tax refund, has already been judicially determined to be appropriate, and that decision was also affirmed. *See id.* at 85 ("Accordingly we will affirm the District Court's award of money damages.").

In response, the Government of the Virgin Islands took action to remedy the constitutional defects identified in *Reefco. See Reefco Services, Inc. v. Government of the Virgin Islands,* 2021 WL 1041197 (D.V.I. Mar. 12, 2021) (lifting injunction). Therefore, the potential disruption latent in an action at law (in contrast to in equity) challenging an active system of taxation is simply not present here. A judgment from the District Court providing the Appellants with a tax refund would not implicitly force any change in territorial tax policy because the policy in question has already been adjudged, found wanting, and remedied. *Cf. Levin v. Com. Energy, Inc.,* 560 U.S. 413, 417 (2010) (citation omitted) (tax comity "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration.").[1] Consequently, the tax comity doctrine by its own terms does not apply to the purely retrospective monetary relief claimed with respect to the excise taxes in these consolidated cases.

*** 

Accordingly, any one of (or any combination of) the above-listed four reasons justifies why tax comity does not apply in this case.

Kind Regards,

/s/ Joseph A. DiRuzzo, III      Digitally signed by /s/ Joseph A. DiRuzzo, III
                                Date: 2023.05.13 12:28:06 -04'00'

Joseph A. DiRuzzo, III

cc: counsel of record via ECF only

---

[1] In *Levin*, the taxpayers/plaintiffs-respondents "sought declaratory and injunctive relief invalidating the three tax exemptions [local distribution companies] enjoy and ordering the Commissioner to stop 'recognizing and/or enforcing' the exemptions." *Levin*, 560 U.S. at 419. The relief the Appellants requested below is nothing like what was requested by the taxpayers in *Levin*.