

# VIRGIN ISLANDS DEPARTMENT OF JUSTICE
### OFFICE OF THE ATTORNEY GENERAL

**BY EMAIL**

Third Circuit Court of Appeals

601 Market St. Ste 18614
Philadelphia, PA 19106

RE: *Apex Construction Co. Inc., et al. v. United States Virgin Islands*, 22-2675. Citation of supplemental authorities pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure

Dear Honorable Judges Restrepo, McKee and Smith:

Pursuant to this Court's Order dated May 10, 2023, directing the parties to address whether the tax comity doctrine should apply when seeking monetary relief, Appellee submits this supplemental letter under Fed R. App. P. 28(j):

## Answer

Yes, lower federal courts should apply tax comity doctrine when monetary relief is sought. In fact, comity may be especially important in such cases.

## Argument

This Court has previously recognized that tax comity may be appropriately applied in cases seeking a monetary remedy for the imposition of unconstitutional state fees. *See Z & R Cab, LLC v. Phila. Parking Auth.*, 616 Fed. Appx. 527, 531, n. 8 (3d Cir. 2015) (remanding to District Court to allow it to decide whether comity should be invoked where plaintiffs sought a monetary remedy for imposition of unconstitutional state fees). Such decisions are left to the sound discretion of district courts with this Court's instruction to consider "[the three factors articulated in *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 417 (2010)], the unique facts of [the] case,

**St. Thomas**
3438 Kronprindsens Gade | GERS Complex, 2nd Floor | St. Thomas, VI 00802-5749 | (340) 774-5666
Division of Paternity & Child Support | 8000 Nisky Shopping Center | 2nd Floor, Suite 500 | St. Thomas, VI 00802 | (340) 775-3070

**St. Croix**
213 Estate La Reine | Kingshill, St. Croix, VI 00850 | (340) 773-0295
Division of Paternity & Child Support | 3018 Orange Grove, Suite 4 | Christiansted, St. Croix, VI 00821 | (340) 775-3070

and the applicable case law." *Z & R Cab*, 616 Fed. Appx at 531, n. 8 (citing *Remington Rand Corp. Del. v. Bus. Sys. Inc.*, 830 F.2d 1260, 1266 (3d Cir. 1987)). Here, the District Court of the Virgin Islands did just that and correctly determined the application of tax comity doctrine to Appellants' claims for monetary relief was appropriate.

To begin, the District Court reviewed the applicable case law. Apdx-019-27. It reviewed vertical *stare decisis*, including seminal U.S. Supreme Court cases like *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100 (1981) and *Levin*, and this Circuit's precedent in *Z & R Cab*, *Reefco Servs. v. Gov't of the V.I.*, 830 F. App'x 81 (3d Cir. 2020), *Bluebeard's Castle v. Government of the Virgin Islands*, 321 F.3d 394 (3d. Cir. 2003), *Edwards v. HOVENSA, LLC*, 497 F.3d 355 (3d Cir. 2007). It also reviewed horizontal *stare decisis*, including *Great Bay Cond. Owners Ass'n v. Gov't of the V.I.*, 2018 U.S. Dist. LEXIS 167921 (D.V.I. 2018) and *Reefco Services, Inc. v. Government of the Virgin Islands*, 2018 U.S. Dist. LEXIS 167922 (D.V.I. 2018). It even supplemented its review with persuasive authority from other circuits. Apdx-022 (citing *Ramirez v. Puerto Rico Fire Svc.*, 715 F.2d 694 (1st Cir. 1983). Based on this review, the District Court correctly determined that it was not precluded from applying tax comity to the USVI.

Upon this determination, the District Court then considered the *Levin* factors, as articulated by this Court in *Z & R Cab*.[1] Apdx-025-27. In *Levin*, the U.S. Supreme Court identified three overarching considerations when applying the tax comity doctrine: (1) whether plaintiffs seek review of commercial matters over which the state enjoys wide regulatory latitude or which involve a fundamental right or classification attracting heightened scrutiny; (2) whether plaintiffs' own tax liability or competitive position is implicated; and (3) whether state courts are better positioned than their federal counterparts to correct any violation because they are more familiar with state legislative preferences. *Levin*, 560 U.S. 414-16 (2010). In combination, the Court ruled, these considerations compel forbearance by federal district courts in deference to the state adjudicative process. *Id.* at 416. In *Z & R Cab*, this Court interpreted *Levin* to hold that the following four factors should guide lower federal courts when deciding to refrain, based on comity, from deciding a case: "(1) the challenged law concerned 'commercial matters over which' the state 'enjoys

---

[1] In *Levin*, the Supreme Court of the United States overturned a Sixth Circuit decision restricting comity's compass to instances where plaintiffs sought to "arrest or countermand state tax collection." *Levin*, 560 U.S. at 413 (holding "[u]nder the comity doctrine, a taxpayer's complaint of allegedly discriminatory state taxation, even when framed as a request to increase a competitor's tax burden, must proceed originally in state court").

wide regulatory latitude'; (2) the suit requires adjudicating 'any fundamental right or classification' to which heightened scrutiny applies; (3) the state courts are 'better positioned than their federal counterparts to correct any violation' and provide a remedy; and (4) more than one potential remedy could adequately redress the alleged constitutional defect."[2] *Z & R Cab*, 616 Fed. Appx. 531, n. 8.  Noting that Plaintiffs must carry the burden of showing that the state remedy was insufficient, the Court then applied the *Z & R Cab* factors to the unique facts of the case. Apdx-026-27.

Here, Plaintiffs clearly seek federal review of commercial matters over which the USVI enjoys wide regulatory latitude, and their suit does not involve any fundamental right or classification that attracts heightened scrutiny. *See* Apdx-086-152; 48 U.S.C. § 1574 (granting the USVI the legislative authority and power to impose local taxes not inconsistent with the laws of the United States); Pub. L. No. 96-205, 94 Stat. 84 (March 12, 1980) (providing "[a]ny excise taxes levied by the Legislature of the Virgin Islands may be levied and collected as the Legislature of the Virgin Islands may direct as soon as the articles, goods, merchandise, and commodities subject to said tax are brought into the Virgin Islands").  Plaintiffs here also seek federal aid to obtain a refund of their own local excise tax liability, totaling an estimated $1,510,292.00. Apdx-086-152; App. Br. at 4, n. 1.  Further, the District Court found that Virgin Islands courts, to whom Plaintiffs may resort pursuant to local law 33 V.I.C. § 1692, are better positioned than the District Court to correct any violation because they are more familiar with territorial legislative preferences. And while Plaintiffs preferred form of monetary relief is a refund of past taxes collected, more than one potential remedy could adequately redress the alleged harm, such as a forward-looking excise tax credit or some combination of a refund and credit. *See* 33 V.I.C. § 1102 (Authority to make credits or refunds).  Under this set of facts, the District Court concluded that all of the *Z & R Cab* factors counseled in favor of abstention.  Appellants have failed to show any abuse of discretion warranting reversal.

---

[2] Upon careful consideration of *Levin* and *Z & R Cab*, it appears the last of these considerations is meant to account for the U.S. Supreme Court's general rule that, upon finding discrimination in a State's tax measure, such cases should be remanded to state courts to make the appropriate interim remedial choice. *Levin*, 560 U.S. at 415 (*citing McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, Fla, Dept. of Business Regulation*, 496 U.S. 18, 39-40 (1990)).  Unlike the U.S. Supreme Court, lower federal courts lack the authority to remand such cases to state courts. *Levin*, 560 U.S. at 415.  Therefore, where more than one potential remedy could adequately redress the alleged constitutional defect, the aforementioned limitation to a federal lower court's remedial competence counsels that they refrain from taking up such cases when state courts are equipped fairly to adjudicate them. *Id.* at 428.

In addition to this analysis, two other factors generally militate towards applying tax comity to Plaintiffs' refund suits. Firstly, as Plaintiffs concede, their cause of action for a refund arises not under any federal law, but under local law 33 V.I.C. § 1692. Apdx-144-152; Apdx-307; Reply at 8. This may be because the U.S. Supreme Court has already held that 42 U.S.C. § 1983 does not permit federal courts to award damages in state taxation cases when state law provides an adequate remedy, and the Constitution, which requires equal treatment, is silent on how equal treatment is accomplished. *Levin*, 560 U.S. at 414 (internal citation omitted); *Fair Assessment*, 454 U.S. 100, 116 (1981). When local law creates the cause of action for a plaintiff's tax suit, this Court's precedent counsels lower federal courts to allow local courts to adjudicate the claims. *Compare Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 260 (3d Cir. 2002) (holding the District Court lacked federal question jurisdiction over a quiet title action arising under local law), *with Bluebeard's Castle v. Government of the Virgin Islands*, 321 F.3d 397, 402 (3d Cir. 2003) (holding Plaintiff had adequately alleged a violation under federal law 48 U.S.C. § 1401a). Here, unlike *Bluebeard's Castle*, Congress has not entered the field of taxation or otherwise provided any cause of action for a refund of Virgin Islands' local excise taxes. Since Plaintiffs' refund suit arises under local law and tax comity broadly "restrains federal courts from entertaining claims that risk disrupting state tax administration," federal lower courts should be particularly reluctant to hear claims of unlawful discrimination in tax classifications when monetary relief is sought. *Levin*, 560 U.S. at 413 (internal citation omitted).

Secondly, as the U.S. Supreme Court made clear in *Levin*, comity-based dismissal may be particularly important where a plaintiff challenging the constitutionality of a state's taxation of commercial activity seeks relief that would "deplete the State's treasury." *Levin*, 560 U.S. at 415. Put another way, federal judges are generally precluded from hearing "suits that, if successful, would deplete state coffers." *Id.* at 425. While the *Levin* Court discussed this factor in the context of the Tax Injunction Act, tax comity is "more embracive than the TIA." *Id.* at 417. Consequently, lower federal courts should be especially leery when the monetary relief requested exceeds a *de minimis* level. Here, Plaintiffs seek $1,510,292.00 by their own estimate. Before the District Court, an additional Plaintiff's claim in that consolidated case raised the refund amount sought to "about $3.7 million." Apdx-202. That amount of money, while feasible for the USVI, is nearly 700 times larger than the $5,287.74 that the District Court ordered be refunded in *Reefco*. Considering the U.S. Supreme Court's aforementioned admonition, lower federal courts should take extra care when deciding whether to entertain claims seeking monetary relief.

## Conclusion

Lower federal courts should apply tax comity doctrine when monetary relief is sought. In fact, comity may be especially important in such cases. Here, all appropriately considered factors counsel in favor of abstention.

Respectfully submitted,

Michael Francisco, Esq.
Assistant Attorney General
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, V.I. 00802