

Joseph A. DiRuzzo, III, Esq., CPA
954.615.1676
jd@diruzzolaw.com

May 16, 2023

**Via ECF only**

United States Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

  Re: *Apex Construction Co., Inc., et al. v. USVI*
    case no. 22-2675, Rule 28(j) letter

Dear Judges Restrepo, McKee, and Smith:

Pursuant to this Court's May 10th order, the Appellants submit this response to the GVI's Rule 28(j) letter.  The GVI relies on various cases to buttress its arguments, but a close inspection demonstrates why such reliance is misplaced.

In *Z & R Cab, LLC v. Philadelphia Parking Auth.*, 616 F. App'x 527 (3d Cir. 2015) "a Pennsylvania court held that the statute authorizing the Philadelphia Parking Authority ('PPA') to charge taxicab operators an annual fee violated, among other things, due process. Two Philadelphia taxicab companies, Z & R Cab, LLC and Zoro, Inc. (collectively, the "Cab Companies"), thereafter filed suit in the District Court under 42 U.S.C. § 1983 seeking a full refund of the fees they had paid." *Id*. at 528.  This procedural background is important here because the Cab Companies first litigated their constitutional challenge at the state level, then went to federal court seeking damages under Section 1983 (not under a refund statute).  Accordingly, because the Cab Companies sought Section 1983 damages in *Z & R Cab,* tax comity potentially applied (and this Court remanded for the trial court to consider tax comity in the first instance).  But as discussed in the Appellants' Rule 28(j) letter, the Appellants did not seek Section 1983 damages; thus, *Fair Assessment in Real Estate Association v. McNary*, 454 U.S. 100 (1981), *does not* control the outcome of this case.

The GVI implies that the District Court appropriately applied "horizontal *stare decisis*," but there is no such thing.  Indeed, the Supreme Court has been clear, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (citation omitted).

The GVI argues that, notwithstanding that while 33 V.I.C. § 1692 permits a refund action against the GVI, the territorial court could, pursuant to 33 V.I.C. § 1102, provide "a forward-looking excise tax credit or some combination of a refund and credit."  GVI Rule 28(j) letter at p. 3.  The GVI is

mistaken. Section 1102 allows the "Director" to credit an overpayment, 33 V.I.C. § 1102(a), but provides no such authority for a court to do so, nor order/enjoin the Director to do so. The GVI desires to read into the statutory scheme avenues for resolution that are simply absent from the text. "As th[e Supreme] Court has repeatedly stated, the text of a law controls over purported legislative intentions unmoored from any statutory text. The Court may not 'replace the actual text with speculation as to Congress' intent.'" *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2496 (2022) (quoting *Magwood v. Patterson*, 561 U.S. 320, 334 (2010)). At bottom, the GVI asks this Court to re-write the statutory scheme in order to justify why the territorial courts could provide "more than one potential remedy[.]" GVI Rule 28(j) letter at p. 3 (citing *Z & R Cab*, 616 Fed. Appx. At 531, n. 8). However, the Supreme Court's precedent long has forbidden such judicial legislation; forsooth "[t]o supply omissions transcends the judicial function." *Iselin v. United States*, 270 U.S. 245, 251 (1926). This principle applies irrespective of whether an omission is intended, especially when a "statute was evidently drawn with care. Its language is plain and unambiguous. What the government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope." *Id.* at 250–51.

The GVI also argues that "[w]hen local law creates the cause of action for a plaintiff's tax suit, this Court's precedent counsels lower federal courts to allow local courts to adjudicate the claims." GVI Rule 28(j) letter at p. 4. While the Appellants dispute such a conclusion, the GVI overlooks the salient fact that the District Court and this Court have already adjudicated the merits of the Commerce Clause claim in *Reefco*, ruling against the GVI. Thus, assuming *arguendo* that the GVI is correct, in general, the specific facts of this case counsel in favor of not applying tax comity here.

Finally, the GVI argues that "Supreme Court made clear in <u>Levin</u>, comity-based dismissal may be particularly important where a plaintiff challenging the constitutionality of a state's taxation of commercial activity seeks relief that would 'deplete the State's treasury.'" GVI Rule 28(j) letter at p. 4 (quoting L*evin*, 560 U.S. at 415). As an initial observation, the citation to *Levin* is not to the Supreme Court's opinion; instead, it was to the "syllabus," which constitutes no part of the opinion of the Supreme Court but has been prepared by the Reporter of Decisions for the convenience of the reader. *United States v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337 (1906). As to the substance, the syllabus' reference to "deplet[ing] the State's treasury" was regarding the Supreme Court's decision in *Hibbs v. Winn*, 542 U.S. 88 (2004). But as the Appellants have consistently advanced, they did what *Hibbs* requires, i.e., paying the tax then suing for a refund instead of seeking injunctive or declaratory relief. *See id.* at 104 ("pursue refund suits instead of attempting to restrain collections.").

Kind Regards,

/s/ Joseph A. DiRuzzo, III  Digitally signed by /s/ Joseph A. DiRuzzo, III
Date: 2023.05.16 23:01:09 -04'00'

Joseph A. DiRuzzo, III

JAD/
cc: counsel of record via ECF only

401 East Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
FAX/ 954.827.0340 WEB/ WWW.DIRUZZOLAW.COM