

# VIRGIN ISLANDS DEPARTMENT OF JUSTICE
#### OFFICE OF THE ATTORNEY GENERAL

**BY EMAIL**
Third Circuit Court of Appeals
601 Market St. Ste 18614
Philadelphia, PA 19106

RE: *Apex Construction Co. Inc., et al. v. United States Virgin Islands*, 22-2675. Citation of supplemental authorities pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure

Dear Honorable Judges Restrepo, McKee and Smith:

Pursuant to this Court's Order dated May 10, 2023, directing the parties to provide responses to opposing parties' Rule 28(j) letters addressing whether the tax comity doctrine should apply when seeking monetary relief, Appellee submits this letter under Fed R. App. P. 28(j):

## Response

Appellants' Rule 28(j) letter provides no authority precluding application of the tax comity doctrine when seeking monetary relief. In fact, they concede that "while the comity doctrine has historically concerned claims for equitable relief in the federal courts, the Supreme Court has held that it can also apply to claims for damages." Appellants' Rule 28(j) letter at 1 (*citing Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100 (1981)). Appellants attempt to distinguish their claims for monetary relief from those in *Fair Assessment* and *Z & R Cab, LLC v. Philadelphia Parking Auth.,* 616 Fed. Appx. 527 (3d Cir. 2015) by noting that their cause of action arises under local law rather than federal law. However, Appellants provide no authority or rationale for making any such distinction. Further, as the USVI noted in its Rule 28(j) letter, the fact that Appellants' cause of action arises from local law provides even more reason to apply tax comity given this Court's precedent counseling in favor of abstention when local law creates the cause of action for a plaintiff's tax suit. *Compare Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 260 (3d Cir. 2002) (holding the District Court lacked federal question jurisdiction over a quiet title action arising under local law), *with Bluebeard's Castle v. Government of the Virgin Islands*, 321 F.3d 397, 402 (3d Cir. 2003) (holding Plaintiff had adequately alleged a violation under federal law 48 U.S.C. § 1401a).

Concerning the USVI's citation to 33 V.I.C. § 1102 for the contention that more than one potential remedy is available, Appellants are correct that the statute speaks of the authority of the Director of the Virgin Islands Bureau of Internal Revenue to issue a forward-looking credit, not the Superior Court. However, the Superior Court also has that authority under the same local law

**St. Thomas**
3438 Kronprindsens Gade | GERS Complex, 2nd Floor | St. Thomas, VI 00802-5749 | (340) 774-5666
Division of Paternity & Child Support | 8000 Nisky Shopping Center | 2nd Floor, Suite 500 | St. Thomas, VI 00802 | (340) 775-3070
**St. Croix**
213 Estate La Reine | Kingshill, St. Croix, VI 00850 | (340) 773-0295
Division of Paternity & Child Support | 3018 Orange Grove, Suite 4 | Christiansted, St. Croix, VI 00821 | (340) 775-3070

that provides Appellants' cause of action. *See* 33 V.I.C. § 1692(c). Concerning Appellants' substantive rebuttal to the USVI's contention that comity may be particularly important where monetary relief would "deplete a State's treasury," Appellants' claim that they are similarly situated to the plaintiffs in *Hibbs v. Winn*, 542 U.S. 88 (2004) is unfounded. As the Court in *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010) explained, the plaintiffs in *Hibbs* were third-party challengers to an allegedly unconstitutional tax credit; they did not seek to challenge their own tax liability or improve their own competitive position. Conversely, Appellants here are not third-party challengers. They are instead just like the plaintiffs in *Fair Assessment*, *Z & R Cab*, and *Club Comanche* in that they seek a refund of their own tax liability. That distinction was of key importance in *Levin*, and it led the Court to overturn the Sixth Circuit's decision improperly restricting comity's compass.[1]

## Conclusion

Appellants' arguments are internally contradictory. According to Appellants, a federal question exists for purposes of standing but not for purposes of the merits of their constitutional claims. According to Appellants, there is no such thing as horizontal *stare decisis*, but the District Court should have treated their cases as it did the plaintiff's in *Reefco I*. According to Appellants, the USVI should have been precluded from arguing tax comity applies even though this Court clearly left its application to the USVI an open question in *Reefco II*. According to Appellants, the District Court erred in dismissing their cases on tax comity grounds despite not identifying a single legal error or abuse of discretion warranting reversal. This Court should reject each of Appellants arguments and affirm the District Court's application of tax comity to dismiss Appellants' local excise tax refund claims.

Respectfully submitted,

Michael Francisco, Esq.
Assistant Attorney General
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, V.I. 00802

---

[1] Concerning Appellants' suggestion that it was improper for the USVI to cite to the syllabus in *Levin*, the USVI would simply note that the case Appellants cited in support concerned citation to a "headnote," not a syllabus, and the USVI provided further citation to the *Levin* Court's "Opinion" for the exact same proposition put another way in its very next sentence. *See U.S. v. Detroit Timber & Lumber Co.*, 200 U.S. 321, 337 (1906); GVI Rule 28(j) letter at 4. Also, as the American Bar Association's guidance on "How to Read a U.S. Supreme Court Opinion" makes clear, the syllabus is, in fact, "added by the Court to help the reader better understand the case and the decision." American Bar Association, "How to Read a U.S. Supreme Court Opinion" (May 4, 2022), https://www.americanbar.org/groups/public_education/publications/teaching-legal-docs/how-to-read-a-u-s-supreme-court-opinion/ (last visited May 17, 2023). That explains why general case citations refer to the first page of the "Syllabus" when one is provided. *E.g.*, *Levin v. Commerce Energy, Inc.*, 560 U.S. **413** (2010) (Emphasis added).