**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2675
_____

APEX CONSTRUCTION COMPANY, INC.,
Appellant

v.

UNITED STATES VIRGIN ISLANDS

_____

No. 22-2676
_____

BLUEWATER CONSTRUCTION, INC.,
Appellant

v.

UNITED STATES VIRGIN ISLANDS

_____

No. 22-2677
_____

MSI BUILDING SUPPLIES, INC.,
Appellant

v.

UNITED STATES VIRGIN ISLANDS

_____

No. 22-2678
_____

UNITED CORPORATION,
Appellant

v.

UNITED STATES VIRGIN ISLANDS

_____

No. 22-2679
_____

IMPEX TRADING INTERNATIONAL, INC.,
Appellant

v.

UNITED STATES VIRGIN ISLANDS

_____

No. 22-2680
_____

B&B MANUFACTURING, INC.,
Appellant

v.

UNITED STATES VIRGIN ISLANDS
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Nos. 3-21-cv-00039, 3-21-cv-00040, 3-21-cv-00041,
3-21-cv-00043, 3-21-cv-00044, and 3-21-cv-00052)

District Judge: Honorable Robert A. Molloy

_____

Argued May 26, 2023

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Opinion filed: August 17, 2023)

Joseph A. DiRuzzo, III [ARGUED]
Daniel M. Lader
DiRuzzo & Company
401 East Las Olas Boulevard
Suite 1400
Fort Lauderdale, FL 33301
  *Counsel for Appellants*

Michael R. Francisco, Esq. [ARGUED]
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802
  *Counsel for Appellee*

_____

OPINION[*]

_____

McKEE, *Circuit Judge*.

  Appellants sued the United States Virgin Islands seeking refunds of excise taxes they alleged were levied in violation of the Dormant Commerce Clause. The District Court held that the tax comity doctrine applied to Appellants' suits and granted the USVI's motions to dismiss. Because we agree with Appellants that the tax comity

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

doctrine does not apply to these tax refund suits, we will reverse the District Court's order granting dismissal, and remand for further proceedings.[1]

**I.**

"[T]he comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration."[2] In *Fair Assessment in Real Estate Association, Inc. v. McNary*, taxpayers brought a damages action pursuant to 42 U.S.C. § 1983, seeking actual and punitive damages for the overassessment of property taxes.[3] They claimed that the state tax system was unconstitutional and that the tax comity doctrine should not apply.[4] They argued "that damages actions are inherently less disruptive of state tax systems than injunctions or declaratory judgments, and therefore should not be barred by" the comity doctrine.[5] The Supreme Court disagreed and held that tax comity applied to § 1983 damages actions[6] because they "would be fully as intrusive as the equitable actions that are barred by principles of comity."[7]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. "Because the extension or denial of comity is discretionary, we review this issue by the abuse of discretion standard." *Remington Rand Corp.-Delaware v. Bus. Sys. Inc.*, 830 F.2d 1260, 1266 (3d Cir. 1987). Underlying legal questions, however, are subject to do novo review. *Grode v. Mut. Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 957 (3d Cir. 1993).
[2] *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010).
[3] 454 U.S. 100, 106 (1981). In addition, Petitioner Fair Assessment in Real Estate Association, a nonprofit corporation formed by taxpayers, also sought actual damages for expenses it incurred in seeking to obtain equitable property assessments for its members. *Id.*
[4] 454 U.S. at 105–06, 113
[5] *Id.* at 113.
[6] *Id.* at 116.
[7] *Id.* at 113.

Relying on *Fair Assessment*, the USVI contends that the District Court properly held that the tax comity doctrine bars Appellants' suits. Appellants contend that the tax comity doctrine does not apply to the Virgin Islands and even if does, it should not apply here because they bring tax refund suits instead of § 1983 damages actions. We agree with the District Court that the tax comity doctrine generally applies to the Virgin Islands, but we disagree that it applies to these specific tax refund suits.

We recognize that "[t]he [comity] doctrine reflects 'a proper respect for state functions,'"[8] and that "[a]s a territory, the Virgin Islands does not share the same sovereign independence as the states of the union."[9] However, "[w]hile federalism principles do not apply directly as a result of the Virgin Islands' sovereignty, sensitivity to the division between federal and territorial power in this area seems appropriate, given Congress's choice to treat Virgin Islands law—including its taxation regime—with much of the independence of state law."[10]

In *Bluebeard's Castle, Inc. v. Government of the Virgin Islands*, we addressed whether the federal court had subject matter jurisdiction over a challenge to the Virgin Islands property tax assessment.[11] At the time we decided *Bluebeard*, Virgin Islands property tax law was governed by a "hybrid" scheme of federal and local law.[12] After considering that the Virgin Islands is not a sovereign but that Congress has generally

---

[8] *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 421 (2010) (quoting *Fair Assessment*, 454 U.S. at 112).
[9] *Cooper v. Comm'r*, 718 F.3d 216, 219 (3d Cir. 2013).
[10] *Bluebeard's Castle, Inc. v. Gov't of Virgin Islands*, 321 F.3d 394, 401 (3d Cir. 2003).
[11] *Id.* at 396.
[12] *Id.* at 400.

5

chosen to apply principles of sovereignty to the Virgin Islands, we held in *Bluebeard* that principles of federalism did not apply because of the hybrid nature of the property tax scheme.[13] In reaching this holding, however, we stated that "jurisdiction in the District Court is improper" when there is "a purely local tax question."[14] Thus, in *Bluebeard*, we implied that federalism principles, including the tax comity doctrine, would be applicable to purely local tax matters such as the Virgin Islands' excise tax.

Thereafter, in *Edwards v. HOVENSA, LLC*, we concluded that the *Erie* doctrine and the Rules of Decision Act were applicable to the District Court of the Virgin Islands because "[w]e s[aw] no reason not to incorporate the federalism principles applicable throughout the circuit into our relationship with the Virgin Islands courts."[15] In *Kendall v. Russell*, we also extended principles of federalism to the Virgin Islands when we held that *Younger* abstention applies to the Virgin Islands.[16] Similar to tax comity, *Younger* abstention serves: "(1) to promote comity, 'a proper respect for state functions,' by restricting federal courts from interfering with ongoing state judicial proceedings and (2) to restrain equity jurisdiction from operating when state courts provide adequate legal remedies for constitutional claims and there is no risk of irreparable harm."[17] Based on the teachings of *Bluebeard*, *Edwards*, and, *Kendall*, we conclude that the tax comity doctrine generally applies to the USVI. However, that does not end our analysis because

---

[13] *Id.* at 402.
[14] *Id.* at 401–02.
[15] 497 F.3d 355, 360–61 (3d Cir. 2007).
[16] 572 F.3d 126, 130 n.3 (3d Cir. 2009).
[17] *PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

although the tax comity doctrine generally applies to the Virgin Islands, it does not apply to the specific tax refund suits at issue here.

Unlike in *Fair Assessment*, Appellants did not bring § 1983 damages actions; rather, they each opted to file a tax refund suit under V.I. Code Ann. tit. 33, § 1692.[18] Appellants argue that bringing § 1692 tax refund suits instead of § 1983 damages actions "takes this case out of *Fair Assessment*'s ambit,"[19] and therefore the tax comity doctrine does not apply here. They are correct.

In *Quackenbush v. Allstate Insurance Company*, the Supreme Court clarified that *Fair Assessment* was a narrow holding only pertinent to § 1983 damages actions.[20] The *Quackenbush* Court explained: "To be sure, we held in *Fair Assessment* . . . that a federal court should not entertain a 42 U.S.C. § 1983 suit for damages based on the enforcement of a state tax scheme but we have subsequently indicated that *Fair Assessment* was a case about the scope of the § 1983 cause of action, not the abstention doctrines."[21] The Court further explained that "the power to dismiss under the . . . abstention doctrines derives from the discretion historically enjoyed by courts of equity."[22] And, most importantly, the

---

[18] Section 1692 provides for the filing of a claim for refund "in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected" only after "a claim for refund or credit has been duly filed with the Director [of the Virgin Islands Bureau of Internal Revenue]." V.I. Code Ann. tit. 33, § 1692(a).
[19] Reply Br. 8.
[20] 517 U.S. 706, 719 (1996).
[21] *Id.* (citations omitted). Despite this pronouncement, the *Quackenbush* Court made clear that it had "no occasion to resolve what additional authority to abstain might be provided under [its] decision in Fair Assessment." *Id.* at 731. Our decision here does not foreclose comity for all tax claims—it only forecloses comity for Appellants' claims seeking a tax refund under these circumstances.
[22] *Id.* at 727–28 (citation omitted).

7

Court reiterated that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."[23]

*Quackenbush* thus instructs that the District Court should only abstain from deciding Appellants' tax refund suits pursuant to the tax comity doctrine if the relief sought—a tax refund—is "equitable or otherwise discretionary."[24]

Actions seeking a tax refund have traditionally been viewed as actions at law that are not cognizable in a court of equity.[25] "It has been held uniformly that the illegality or unconstitutionality of a state or municipal tax or imposition is not of itself a ground for equitable relief in the courts of the United States."[26] Accordingly, the Supreme Court has on several occasions rejected suits brought in equity to enjoin the collection of allegedly unconstitutional state or municipal taxes because there was an adequate remedy at law—pay the taxes and then bring suit to recover the alleged unconstitutional payments.[27] For instance, in *Singer Sewing Machine Company of New Jersey v. Benedict*, the Supreme Court rejected the taxpayer's equitable suit to enjoin the collection of allegedly

---

[23] *Id.* at 731; *see also Borowski v. Kean University*, 68 F.4th 844, 855 (3d Cir. 2023) (explaining that after *Quackenbush* "dismissal of a damages claim on abstention grounds is no longer permissible").
[24] *Id.*
[25] *See Fair Assessment*, 454 U.S. 100, 126–28 (Brennan, J., concurring).
[26] *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276, 282 (1909); *see also Matthews v. Rodgers*, 284 U.S. 521, 525–26 (1932) ("[T]his Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States.").
[27] *Singer Sewing Mach. Co. of New Jersey v. Benedict*, 229 U.S. 481, 484–88 (1913); *Henrietta Mills v. Rutherford Cnty., N.C.*, 281 U.S. 121, 125–28 (1930); *Matthews*, 284 U.S. at 526–30.

unconstitutional taxes.[28] The state statute provided "if the taxes in question were illegal and void, as asserted, the company had *a remedy at law*. It could pay them, and, if the commissioners refused to refund, have its action against the county to recover back the money."[29] Because a tax refund is not an equitable remedy,[30] the District Court could not rely on the doctrine of tax comity to abstain from hearing Appellants' suits here unless the remedy of a tax refund is considered discretionary.

---

[28] *Singer*, 229 U.S. at 483–84, 488.

[29] *Singer*, 229 U.S. at 487 (emphasis added); *see also Dows v. City of Chicago*, 78 U.S. 108, 112 (1870) (explaining that except in "special circumstances" a taxpayer had a "remedy at law" to recover unlawfully paid taxes—"[i]f the tax was illegal, the plaintiff protesting against its enforcement might have had his action, after it was paid, against the officer or the city to recover back the money, or he might have prosecuted either for his damages.").

[30] The USVI provides three supplemental authorities: *Bull v. United States*, 295 U.S. 247 (1935); *Anniston Mfg. Co. v. Davis*, 301 U.S. 337 (1937); and *United States v. Jefferson Elec. Mfg. Co.*, 291 U.S. 386 (1934), which it contends support that "a tax refund should be treated as an equitable remedy." Appellee's June 5, 2023 Rule 28(j) Letter. These authorities, however, fail to rebut the Supreme Court's treatment of tax refunds as a remedy at law. In *Bull*, the statute of limitations prevented the taxpayer from bringing a tax refund action. 295 U.S. at 259. To prevent double taxation of the taxpayer, the Court held that the taxpayer could proceed on a claim for equitable recoupment; it did not, however, hold that a tax refund is an equitable remedy. *Id.* at 261–63. *Anniston* also did not hold that a tax refund is an equitable remedy; rather, it merely stated that "[w]ith respect to the refunding of processing taxes, a special and exclusive administrative procedure" required an administrative hearing "in accordance with [the rules of evidence] applicable in courts of equity of the District of Columbia." 301 U.S. at 343–44. Lastly, in *Jefferson*, the Court only commented that "statutes providing for refunds and for suits on claims . . . proceed on the same equitable principles that underlie an action in assumpsit for money had and received." 291 U.S. at 402; *but cf. Flora v. United States*, 362 U.S. 145, 153 (1960) (rejecting the argument that a suit to recover taxes was "identical to the common-law action of assumpsit for money had and received"). It did not suggest or examine whether a tax refund is an equitable remedy.

Our precedent establishes, however, that a tax refund is not a matter of discretion because it is a legal remedy:[31]

> The granting of legal remedies . . . has not traditionally been subject to the court's discretion. Accordingly, given the 'virtually unflagging obligation to exercise the jurisdiction given them' by Congress, a district court may not abstain . . . and dismiss the complaint when the remedy sought is legal rather than discretionary."[32]

Because a tax refund is neither an equitable nor discretionary remedy, the District Court erred when it held that the tax comity doctrine applied to Appellants' tax refund suits and dismissed them on that basis.

## II.

Because the tax comity doctrine does not apply to Appellants' tax refund suits, we will reverse the District Court's order granting the USVI's motions to dismiss, and remand for further proceedings consistent with this opinion.

---

[31] *See Singer*, 229 U.S. at 487; *Dows*, 78 U.S. at 112.
[32] *Feige v. Sechrest*, 90 F.3d 846, 850 (3d Cir. 1996) (citation omitted).

10